### Franklin B. Adams v. Wilson Lee.

*Fixtures: Personalty: Realty: Unity of title.*  Machinery annexed in a substantial manner to a building is not a fixture unless there is such unity of title to the realty and the machinery that a conveyance of the realty would of necessity convey the fixture also.  If one owns unlike interests in the land and in the machinery, the latter must be considered personal estate.  A thing cannot, as to an undivided interest therein, be real estate, and as to another undivided interest, be personalty.

*Sale of personalty: Delivery: Title.*  Delivery of possession is enough to transfer title on the sale of personal property.

*Heard April 8.　Decided April 13.*

Error to Van Buren Circuit.

*George W. Lawton,* for plaintiff in error.

*Lester A. Tabor,* for defendant in error.

COOLEY, J.

The fundamental error of the court in this case was in treating the machinery in question as having been fixtures annexed to the freehold. A brief recital of the facts in the case will show that such could not have been their legal character.

The real estate in question was owned by John H. Kaufman May 29, 1867. Before that time, under some arrangement not shown, and not now important, a building had been erected upon this real estate, and machinery for the manufacture of wool had been put into the same, which was owned by Augustus E. Hardy. The machinery appears to have been annexed to the building in a substantial manner. On the day named Kaufman conveyed an undivided one-fourth of the real estate to Hardy, and the latter sold to Kaufman an undivided one-half of the machinery. This made Kaufman owner of three-fourths the land and one-half the machinery, and Hardy the owner of one-fourth the land and one-half the machinery. January 29, 1868, Kaufman sold an undivided fourth of the real estate, together with his half of the machinery, to Warren G. Kinney. This made Hardy and Kinney owners of the undivided one-half of the real estate and of the whole of the machinery. August 25, 1868, Hardy sold to Kinney, giving him a deed of an undivided one-fourth of the real estate, and delivering possession, which of course would be sufficient to transfer the title to any personalty which might have been included in the sale. On this sale Kinney gave to Hardy a mortgage on the undivided one-half of the real estate to secure the payment of the purchase price, or a part thereof. The machinery was not mentioned in this mortgage, but Lee, who has become purchaser of the mortgaged premises on a foreclosure of this mortgage, claims that the mortgage covered the machinery as fixtures, and so it was held by the circuit court. Adams, on the other hand, asserts a right to the machinery by a purchase of it as personal property, made by him from Kinney previous to the foreclosure.

An examination of these facts will show that at no time has there been unity of ownership of the land and the machinery put into the building. Kaufman at the outset owned the one without having an interest in the other, and no one of the parties who subsequently acquired an interest had a right in the land co-extensive with his interest in the

machinery.    All the time, therefore, the parties have had title to the machinery distinct from their title to the land, and this fact of itself is conclusive that the former was personalty.    For, to constitute a fixture, there must not only be physical annexation in some form to the realty, but there must be unity of title, so that a conveyance of the realty would of necessity convey the fixture also.    When the ownership of the land is in one person, and of the thing affixed to it is in another, and in its nature is capable of severance without injury to the former, the latter cannot, in contemplation of law, become a part of the former, but must necessarily remain distinct property, to be used and dealt with as personal estate only.    And the fact that the owner of the thing affixed to the freehold has also an undivided interest in the latter, cannot render the former a fixture when the interests are different in extent.    A thing cannot, as to an undivided interest therein, be real estate, and as to another undivided interest, be personalty; it must be the one thing or the other.    And the position which is taken by Lee in this case involves this absurdity; that Kaufman, at the time when he and Kinney were severally the owners of an undivided half of the land, might have sold that, and, as a necessary consequence, transferred an undivided one-half of the machinery also, though the whole of the machinery belonged to Kinney as exclusive owner. This would be the necessary result if the machinery was real estate, for there could be no such a thing as attaching it to an undivided interest in the land only.

Lee claims, however, that if the machinery continued to be personal estate after being put up in the building, Adams was nevertheless a wrong-doer in taking it out of the building, because if personalty the title to it was never transferred by any of the conveyances of interests in the land.    And to take advantage of this view he has obtained assignments from Kaufman and Hardy of any right of action they as owners of the machinery might have against Adams for taking it away.    These assignments bear date in Octo-

ber, 1873. But it clearly appears that Kaufman sold his right in the machinery to Kinney, and it is equally apparent that Hardy did the same thing. The failure to mention the machinery in the deeds of conveyance was of no importance; no writing was requisite to transfer the title to this any more than to any other personalty.

This view of the case renders it unnecessary to consider whether Lee, on his own theory of the case, had any cause of action; the machinery having been taken off the premises before he became purchaser at the foreclosure sale. His position relatively to the mortgage and the mortgaged premises was peculiar, but the facts become immaterial.

The judgment must be reversed, with costs, and a new trial ordered.

CAMPBELL, J., and GRAVES, CH. J., concurred.