## NEIL McAULIFFE v. HARLOW S. MANN.

*A Half-partition, belonging to the Landlord, is a Fixture.*

A wooden half-partition, nailed at the ends to blocks let through the plastering and at the bottom to a strip of board nailed to the floor, put up by a landlord's consent and afterwards sold to him by the tenant, is a fixture and not subject to levy as personalty, nor to replevin as goods and chattels.

The owner of a fixture attached to his freehold, but improperly levied upon as a chattel, is not estopped from claiming it as part of the realty by bidding for it at the execution sale and allowing it to be struck off to another without giving notice of his ownership or of its character as realty.

Error to Saginaw.   Submitted Oct. 18.   Decided Oct. 30.

REPLEVIN.   The facts are in the opinion.

*Flanders & Wilber* (on brief) for plaintiff in error.   One is estopped from claiming property as realty belonging to him by bidding on it at an execution sale and letting it be struck off to another without giving notice of his rights in it or of its character as a fixture, *Dann v. Cudney*, 13 Mich., 239.

*C. E. Miller* for defendant in error.   Fixtures belonging to the owner of the fee, become part of the freehold, cease to be goods and chattels and cannot be taken in execution, *Green v. Phillips*, 26 Gratt., 752; *Place v. Fagg*, 4 Mann. & Ry., 277; *Cong. Society v. Fleming*, 11 Ia., 533; Ewell on Fixtures, 353, and even if removable as trade fixtures by the tenant at the end of his tenancy, they remain realty so long as they are annexed, *Gibson v. Hammersmith Ry. Co.*, 2 Drew. & S., 610; *Leader v. Homewood*, 5 C. B. (N. S.), 546; Ewell on Fixtures, 139.   Replevin cannot lie for a fixture while annexed to the freehold, *Vausse v. Russel*, 2 McCord, 329; *Roberts v. Dauphin Deposite Bank*, 19 Penn. St., 71; Ewell on Fixtures, 417, nor while annexed can a tenant or his assignee bring replevin against the landlord, whether it was annexed for trade purposes or not, *Folger v. Kenner*, 24 La. Ann., 436.

GRAVES, J.   Mann being the owner of a brick building in East Saginaw leased one of the rooms in 1872 in writing for three years, with the privilege of five, to one Charles Doran.   Doran in 1873, with Mann's consent, put up a wooden partition across the room.   It was about two-thirds the height of the room and had a door opening through it. It was nailed to blocks let through the plastering and nailed

to the joists in the walls, and was fastened to the floor by being nailed to a strip of board which was nailed to the floor. It could be removed with no hurt to the building except the nail holes and such harm as would be caused by having the blocks there.

While Doran continued in occupation as tenant he sold the partition to defendant, and some time thereafter and during his lease he assigned the lease with all his rights to the fixtures to John A. Hubbard, who afterwards assigned the lease and his interest in the fixtures to Randolph Mead.

February 12, 1876, the sheriff having process to collect of Mead a liquor tax under the law of 1875 levied upon this partition among other things as personal property which Mead owned. The premises had been used by Doran as a saloon and such use had been continued under the lease by the occupants before mentioned down to the time of this levy, and the partition had never been disturbed and so far as appears neither occupant had claimed to own it subsequent to Mann's purchase. It had thus remained firmly attached to the building and as Mann's property for more than two years.

Pursuant to his levy the sheriff proceeded to sell. Defendant then notified his ownership to the sheriff but not to the plaintiff, and the latter had no knowledge of defendant's claim. Both parties bid, the defendant's bid being a small one at the commencement. The property was struck off to the plaintiff and he paid the amount to the sheriff. After this and on the same day the plaintiff went after the partition and found defendant in possession, who refused to allow the property to be removed.

The plaintiff then commenced this action of replevin and in executing the writ the property was detached and delivered over to the plaintiff.

The value was agreed to be $10. The defendant recovered and waiving return took judgment for the value. The facts were shown by stipulation.

The statement of the case is sufficient to dispose of it. The property was so attached that it could not be disposed

of under process as goods and chattels. *O'Brien v. Kusterer*, 27 Mich., 289.

There was first the physical attachment by Doran, the tenant, and secondly his act of transfer to defendant as owner of the reversion and which amounted to an admission by Doran that he retained no purpose, if he had ever had one, to claim any right to remove the property. The case shows a clear union of intent and act. The property was therefore not leviable as personalty or subject as goods and chattels to replevin. *Guthrie v. Jones*, 108 Mass., 191; *Brown v. Wallis*, 115 Mass., 156.

Neither his bid at the execution sale nor his omission to notify the plaintiff as one of the bidders that the property was not removable personalty, was sufficient to estop the defendant. The character of the property was open to the observation of the plaintiff and the situation of it was sufficient to warn him at least that the right to seize and dispose of it as goods and chattels was extremely doubtful, and the defendant was under no legal duty to expound his opinion to him. He did suggest to the sheriff his claim. But that was not a necessary step to enable him to insist that the partition was part of his building as it appeared to be.

The judgment below was right and should be affirmed with costs.

COOLEY, C. J., and CAMPBELL, J., concurred.

MARSTON, J., did not sit in this case.