## LUTHER WHEELER v. THOMAS H. BEDELL.

### Fixtures.

There is no universal abstract test to determine whether an article is a fixture; it must usually depend on the express or implied understanding of the parties concerned.

The mode either of annexation or of use is not always conclusive as to whether an article is a fixture.

A planing machine, weighing three tons, introduced through the doorway and fastened to the floor by cleats, bolts, screws and rivets, but removable without injury to the building, was mortgaged as a chattel after a mortgage had been given on the premises, describing them as land without mentioning buildings or referring to its uses. There was nothing which necessarily showed that the mortgagee of the realty had been induced to rely upon the machine as security. *Held* that the presumption was that it remained a chattel.

Case made from Kent.    Submitted April 17.    Decided April 24.

REPLEVIN.    Defendant had judgment below.

*H. Joslin* for plaintiff.    A fixture must be actually annexed to the realty or something appurtenant to it;

must be applied to the use to which the realty is appropriated, and it must be the intention of the party making the annexation to make a permanent accession to the freehold, *Teaff v. Hewett*, 1 Ohio St., 511; the planing machine in the present case was a fixture when the real estate upon which it stood was mortgaged (*Potter v. Cromwell*, 40 N. Y., 287; *McRea v. Cent. Nat. Bank of Troy*, 66 N. Y., 489; *Holland v. Hodgson*, 2 Eng., 655; *Menx v. Jacobs*, 13 Eng., 1; *House v. House*, 10 Paige, 158; *Voorhees v. McGinnis*, 48 N. Y., 278; *Hoskin v. Woodward*, 45 Penn. St., 42; *Bowen v. Wood*, 35 Ind., 268; *Merritt v. Judd*, 14 Cal., 60; *O'Brien v. Kusterer*, 27 Mich., 289; *Green v. Phillips*, 26 Gratt., 752; 1 Washb. Real Prop., 8), and the mortgager could not remove it after mortgaging the real estate, *Winslow v. Merch. Ins. Co.*, 4 Met., 306.

*D. E. Corbitt* for defendant, cited *Rogers v. Brokaw*, 25 N. J. Eq., 496; *Blancke v. Rogers*, 26 N. J. Eq., 563; *Pope v. Jackson*, 65 Me., 162; *Capen v. Peckham*, 35 Conn., 88.

CAMPBELL, C. J. Plaintiff as mortgagee and as purchaser on a chancery foreclosure under his mortgage brought this action to recover a planing machine which was mortgaged as a chattel during the foreclosure of his real estate security and taken away under the chattel mortgage. The whole controversy turns on whether the machine was part of the realty.

On the 23d of February, 1875, plaintiff lent Reuben Wheeler $2,500, payable in two years with interest, and took as security a mortgage which describes by metes and bounds a parcel of land on the canal in Grand Rapids sixty by one hundred and twenty feet in size, "together with the hereditaments and appurtenances thereunto belonging," etc. This mortgage being unpaid was foreclosed in the United States circuit court and the property was bid in by plaintiff at $1,000, leaving a balance due of $2,250. On the 14th of February, 1878, a

writ of assistance was issued under which he was put in possession the next day, the machine being then in a building on the premises as hereafter explained.

When this mortgage was made there was a shop on the land which was a part of the realty, the lower floor of which was used principally for planing lumber for general custom work, and had been so used for about seven years before, and was well adapted to that business. The upper floor was used as a sash, door and blind factory. About June 1, 1872, Reuben Wheeler purchased and put in the building, on the lower floor, a large planing machine weighing about three tons, to replace a smaller one that was taken out and sold. This planer was fastened to the floor at each end with cleats, and had two bolts from a part called the hanger through the floor and was fastened to sticks under the joists by nuts and screws. It was connected with the line shaft by belts. It was taken into the room through the door. It continued in use until removed.

When the mortgage was given, plaintiff went through the building and saw the planer, and Reuben Wheeler said he was giving security for four or five times the amount of the loan. Reuben estimated the realty at $9,000 or $10,000 exclusive of personalty, and others at $5,000 at the time of trial.

October 30, 1877, Reuben Wheeler gave defendant a chattel mortgage on the planing machine to secure an existing debt. Defendant knew of plaintiff's mortgage. On the 4th of April, 1878, defendant took and removed the planer.

These facts and no other facts material to this inquiry being found, the circuit judge held the property was a chattel, and did not belong to plaintiff.

There is no finding that the property was so annexed to the building or land as to be incapable of removal without injury to the realty. It is plain that it could be removed, as the planer originally in its place was removed, without damaging the building. No presump-

tion therefore could arise from the mere annexation, and the machine must be assumed to be personalty unless made realty by other circumstances.

It has been held by this court that there is no universal test whereby the character of what is claimed to be a fixture can be determined in the abstract. Neither the mode of annexation nor the manner of use is in all cases conclusive. It must usually depend on the express or implied understanding of the parties concerned. *Crippen v. Morrison*, 13 Mich., 23; *Adams v. Lee*, 31 Mich., 440; *McAuliffe v. Mann*, 37 Mich., 539; *Coleman v. Stearns Manf. Co.*, 38 Mich., 30; *Jones v. Detroit Chair Company*, 38 Mich., 92; *Robertson v. Corset*, 39 Mich.

The last named case involved similar property to this, but different from it in unity of ownership. In the present case the whole property when plaintiff took his mortgage was in the same hands.

But the mortgage describes the whole property merely as so much land, without mentioning any buildings, or referring to its uses. It does not appear that the building is any better adapted to use for a planing mill than for any other purpose; and a portion of it is used for other purposes. No representation is found to have been made whereby plaintiff was induced to rely on the security of the planer. It had already been found desirable to substitute one machine for another.

While we are not prepared to say such a machine may not acquire the character of realty, we think the present finding does not lead to any necessary conclusion that it had become a part of the building, so as to pass under the land mortgage. The presumption, in the absence of any such finding, is that it remained a chattel.

We think the judge below committed no error in so holding. The judgment must be affirmed with costs.

The other Justices concurred.