[Civil No. 147.   Filed June 12, 1886.]

[S. C. 11 Pac. 177.]

## PASQUALE NIGRO, Plaintiff and Respondent, v. ROBERT HATCH, Defendant and Appellant.

1. APPEAL AND ERROR—PRACTICE—RECORD ON APPEAL—MEMORANDUM OF CLERK AS TO STATEMENT HAVING BEEN AGREED UPON NOT COMPLIANCE WITH STATUTE.—APPEAL MAY BE DISMISSED FOR SUCH DEFECT.—Where the statute provides that the "transcript on appeal" shall, when settled by the judge, be signed by him, "with the certificate that the same has been allowed and is correct;" and when, in lieu of this, it is agreed upon by the parties that they or their attorneys shall sign the same, "with a certificate that the same . has been agreed upon by them and is correct," and the record does not show that either one or the other was done, but contains a memorandum, by the clerk, in no manner verified, that the statement was agreed upon, such memorandum is not a compliance with the statute and the court would be justified in declining to hear the case for this defect, without further examination.

2. FIXTURES—ERECTION OF BUILDING ON LEASED GROUND—EVIDENCE REVIEWED—NO PRESUMPTION UNDER CIRCUMSTANCES THAT IT BECAME ATTACHED TO REALTY—ACTS AND INTENT OF PARTIES IN PARTICULAR CASE USUALLY GOVERN—CHATTEL OWNED BY ONE PARTY AND AFFIXED TO LAND OF ANOTHER BUT CAPABLE OF SEVERANCE THEREFROM WITHOUT INJURY THERETO REMAINS PERSONALTY.— Where the evidence is clear that a building was erected upon leased land, upon blocks set upon the ground, with the intention of removal, and that it was so removed after plaintiff was dispossessed without injury to the realty, no presumption can arise from the erection of the building, under the circumstances, that it became attached to the realty.   There is no universal rule by which a court can decide, in the abstract, disputed claims as to what is or is not a fixture.   Neither the mode of annexation nor the manner of use is in all cases conclusive.   It must usually depend on the express or implied understanding of the parties concerned.   Where the ownership of the land is in one person, and of the thing affixed to it in another, and in its nature is capable of severance without injury to the former, the latter cannot, in contemplation of law, become a part of the former, but must necessarily remain distinct property, to be used and dealt with as personal property only.

APPEAL from a judgment of the District Court of the

Second Judicial District in and for the County of Cochise.
Affirmed.

The facts are stated in the opinion.

Goodrich & Smith, for Appellant.

William Herring, (Thomas Smith of Counsel,) for Re-
spondent.

SHIELDS, C. J.—This cause is not before us in such a
manner as to require us to hear it upon its merits, were we
disposed not to do so. The statutes of the territory provide
that the "statement," as it is called in the court below, and
which comes to this court as the "transcript on appeal,"
shall, when settled by the judge, be signed by him, "with the
certificate that the same has been allowed and is correct;" and
when, in lieu of this, it is agreed upon by the parties, they
or their attorneys shall sign the same, "with a certificate
that the same has been agreed upon by them, and is correct."
In this case the record before us does not show that either
one or the other was done. There is, indeed, a memorandum
by the clerk, but in no manner verified, that the statement
was agreed upon. This does not comply with the statute at
all. For this defect, and without further examination, we
would be justified in declining to hear the case; but as the
point was not made by counsel, and as neither the amount
or principle involved is of sufficient importance to warrant
further litigation, we have concluded to decide the case upon
its merits, as was agreed, simply calling attention to the
state of the record for the benefit of counsel in the future.

It is possible that this transcript is correct; and from the
fact that counsel have not questioned its correctness, we shall
assume, in this case, that it is; but it is easy to see that in a
case where the statute as to verification is not complied with,
this court cannot say whether a transcript is correct or not
where that fact is disputed or the question raised.

On the merits, the only question is whether a certain build-
ing, erected on a lot in Tombstone, became appurtenant to the
land, and was part of the realty. The undisputed facts are

that the plaintiff, Nigro, rented lot 13, in block 20, city of Tombstone, in 1882, and in November of that year built the building in question, which was simply set upon blocks, and not in any way affixed to the realty. The building was intended to be removed, and could be without injury to the land. This is not disputed, and is, furthermore, made perfectly plain by the fact that Hatch, the appellant, who claims to have acted as sheriff in putting certain parties in possession of the lot in question, two days thereafter purchased the building from such parties, and removed it from the lot. No presumption could therefore arise from the putting up of the building, under the circumstances, that it became attached to the realty. There is no universal rule by which we can decide, in the abstract, disputed claims as to what is is not fixture. "Neither the mode of annexation, nor the manner of use, is in all cases conclusive. It must usually depend on the express or implied understanding of the parties concerned." *Wheeler* v. *Bedell,* 40 Mich. 693; *Adams v. Lee,* 31 Mich. 440; *Robertson* v. *Corsett,* 39 Mich. 777.

The defendant and appellant seems to have acted on the belief that the mere fact that the building was upon the land constituted it a part thereof, and he offered no proof to dispute the plaintiff's case, that the building was only temporarily on leased land, and was no way appurtenant thereto. Not only was this showing of respondent, Nigro, undisputed, but also the further one that appellant knew all about Nigro's ownership of the building, and the circumstances under which he erected it, prior to the latter's claimed purchase. Under such circumstances, there was no defense made to the action. These facts as stated being admitted, the judgment put in evidence by appellant could not have the effect to deprive Nigro of his house, whether Adams was a party to the suit in which such judgment was rendered or not. That judgment, instead of showing unity of ownership of the land and building, showed exactly the contrary, and to that extent aided the theory and claim of the plaintiff. It showed that the plaintiff had and claimed title to the building distinct from any claim or interest in the land on which it stood. From appellant's own proof, therefore, there was such an

entire absence of unity of title of the lot and building that a conveyance of the former would not of necessity convey the latter. "Where the ownership of the land is in one person, and of the thing affixed to it in another, and in its nature is capable of severance without injury to the former, the latter cannot, in contemplation of law, become a part of the former, but must necessarily remain distinct property, to be used and dealt with as personal estate only." *Adams v. Lee,* 31 Mich. 442.

The testimony being all one way, and as we have stated it, any extended discussion of the doctrine of fixtures becomes unimportant, and, indeed, improper.

The judgment, as well as the order, denying a new trial must be affirmed.

Barnes and Porter, JJ., concur.