CLARK *v*. GRAND RAPIDS TRUST CO.

1. FIXTURES — REPAIRS TO RENTED PREMISES—INTENT—QUESTION FOR JURY.

 Where a tenant, in repairing rented premises, securely attached beaver-board to the walls by means of strips of wood securely nailed with sixpenny nails, without consulting the owner, the removal of which would probably cause some damage to the walls, it cannot be said as matter of law that the beaver-board remained the personal property of the tenant to be removed by him when and as he saw fit, especially where it is exceedingly doubtful that he ever intended to remove it until a controversy arose.

2. CONVERSION — REMOVAL AND STORAGE OF GOODS SUBJECT TO OWNER'S ORDER NOT CONVERSION.

 Where a landlord's agent, on taking possession of leased premises which had been abandoned by the occupant, notified the subtenant, the owner of the personal property, which had been sold to the occupant on title-retaining contract, to remove the same, which he refused to do, and the agent then removed it and placed it in storage subject to the owner's order, of which he was notified, there was no conversion of the property by the agent.

Error to Kent; Brown (William B.), J.    Submitted October 20, 1927.    (Docket No. 44.)    Decided January 3, 1928.

Case by Robert J. Clark against the Grand Rapids Trust Company for the alleged conversion of personal property.    Judgment for defendant.    Plaintiff brings error.    Affirmed.

*Irving H. Smith*, for appellant.

*Corwin, Norcross & Cook*, for appellee.

[1]Fixtures, 26 C. J. §§ 1, 81; [2]Trover and Conversion, 38 Cyc. pp. 2018, 2086.

FELLOWS, J.    Defendant trust company acted as
agent for a Mrs. Webb in the management of her prop-
erty.    It rented her real estate and collected the rents.
Among the property owned by her was a store build-
ing on Division street in Grand Rapids.    This was
rented to a Mrs. Traxler who sublet a portion of it
to plaintiff.    He made some repairs and established
a restaurant in the portion so rented.    The repairs
included covering a portion of the walls with com-
position beaver-board.    The restaurant was run for a
time by a man named Wilson, was then sold to Mr.
Badgerly, who ran it a few months, and it was then
sold by plaintiff to a Mrs. Beiber on a title-retaining
contract, the effect of which we need not determine.
Mrs. Beiber paid the rent to defendant and ran the
place for a few months, when she quit and left for
parts unknown.    Plaintiff obtained the key she had
left and for nearly three weeks had opportunity to
remove the property covered by his title-retaining
contract.    He paid no rent, nor had he ever paid
rent to defendant.    He was asked to remove the
property, but replied that he would do so when he got
ready.    Learning that he was tearing off the beaver-
board, defendant put a new lock on the building, re-
placed the beaver-board he had torn off, placed the
movable property in storage subject to plaintiff's order,
and notified him of this fact.    Shortly thereafter this
action for conversion was instituted.    It was tried
by the court without a jury, and written findings of
fact and conclusions of law were filed.    Judgment for
defendant was entered.

1. The trial judge reached the conclusion that the
beaver-board became a part of the real estate.    The
testimony sustains the findings upon which this con-
clusion is based.    In plaintiff's declaration he alleged
that he became a subtenant under one Samuel Glover,
and that it was agreed between him and Glover that

he could remove the beaver-board.  But there is not a scintilla of evidence to sustain this allegation.  He testified that he rented from Mrs. Traxler, and he does not testify that he had any arrangement either with her or with Glover, who had no interest of any kind in this property, or any one else, that he could remove the beaver-board.  It cost him about $40, and was securely attached to the wall by means of strips of wood nailed with sixpenny nails.  He did not consult with Mrs. Webb or her agent before putting it on, and it is exceedingly doubtful that he ever intended to remove it until this controversy arose.  There is testimony that its removal did damage to the building, how much is in dispute.  Under the rules laid down by this court in numerous cases, some of which are cited and quoted from in *Morris* v. *Alexander,* 208 Mich. 387, it can not be said as matter of law that the beaver-board remained the personal property of the plaintiff to be removed by him when and as he saw fit.  See *O'Brien* v. *Kusterer,* 27 Mich. 289; *McAuliffe* v. *Mann,* 37 Mich. 539; *Felcher* v. *McMillan,* 103 Mich. 494.

2. The restaurant had the usual accessories consisting of dishes and other articles necessary to conduct the business.  The testimony is ample that plaintiff had reasonable time and opportunity to remove this property.  Defendant did not and does not make any claim to it.  Another tenant had been obtained for the premises and defendant desired to put them in shape for occupancy.  Plaintiff was requested to remove the property; he said he would do so when he got ready.  He was informed that if he did not remove the property defendant would place it in storage so it could use the premises.  This it finally did, and there is no claim that any of it was damaged or that it was not properly stored subject to plaintiff's order. He was given notice of this fact.  This was not a

conversion of the property by defendant. The case is not unlike *Mattice* v. *Brinkman*, 74 Mich. 705. It was there said by Mr. Justice MORSE, speaking for the court:

"He could have got his goods at any rate on Tuesday, and probably on any day before that if he had asked for them. But it seems, from his own testimony, that he preferred to call the transaction a sale of the goods to the defendant, and to make him pay for them. Such action is not to be encouraged by the courts. * * * Here the right of the plaintiff to the personal property was never denied, and it was his own fault that he did not regain his goods. They were simply moved from one place in the building to another as a necessary act in the taking of possession by defendant of the building. To call this a conversion, because defendant had no right to so move them, when the possession of or title to them in the plaintiff was never questioned, and they were neither lost nor destroyed by such moving, would not only be unjust, but such a holding would find no support in the law."

The judgment will be affirmed.

FLANNIGAN, C. J., and WIEST, CLARK, McDONALD, BIRD, and SHARPE, JJ., concurred.

The late Justice SNOW took no part in this decision.