JACKSON LODGE NO. 113, B.P.O.E., *v.* CAMP.

1. FIXTURES—BOWLING ALLEYS—INSTALLATION.
  Bowling alleys, 70 feet long, affixed by long lag screws to timbers embedded in a layer of concrete, hence substantially attached to the building although removable without serious damage ensuing, became a part of the realty when installed.

2. SAME—BOWLING ALLEYS—CONSTRUCTIVE SEVERANCE.
  Constructive severance of bowling alleys from real estate was not effected by reason of the fact that an offer of purchase, even if made at one price "without furnishings" and at a larger price "with furnishings" which a witness testified included the bowling alleys, where it does not appear that plaintiff as vendor had so intended to treat the bowling alleys.

3. Same—Bowling Alleys—Constructive Severance—Intent.
     A constructive severance could not be effected by the intent of
        only one of the parties to a transaction involving real es-
        tate to which bowling alleys have been attached.

Appeal from Jackson; Simpson (John), J.   Submitted October 9, 1942.   (Docket No. 74, Calendar No. 41,990.)   Decided November 24, 1942.

Bill by Jackson Lodge No. 113, Benevolent and Protective Order of Elks, against Samuel H. Camp and others to have bowling alleys, ways and racks determined to be real estate and to enjoin their removal. Bill dismissed.   Plaintiff appeals.   Reversed.

*H. A. Kinch* and *James J. Noon,* for plaintiff.

*Bisbee, McKone, Badgley & McInally,* for defendant Jackson Lodge No. 4, Independent Order of Odd Fellows.

Chandler, C. J.   In 1910, plaintiff, a fraternal organization, purchased certain property in the city of Jackson for lodge purposes.   In 1913, they installed new bowling alleys, the subject of this dispute, in the building for use of the members.   Four alleys were installed, each being 70 feet long.   As to the manner of installation, the record shows that a layer of concrete was applied to the floor the entire length of the alleys, into which were embedded timbers or sleepers with the alleys being affixed thereto by means of long lag screws.   It appears that they were substantially attached to the building although they could be removed without serious damage ensuing.

On August 7, 1926, plaintiff sold the property to defendant Odd Fellows lodge.   The Odd Fellows used the building for the same purposes for which it had

formerly been used by plaintiff. In 1929, they executed a mortgage covering the premises which was later foreclosed and a commissioner's deed issued to the receiver of the mortgagee. Thereafter, the premises were sold to defendants Camp who executed a lease to the Odd Fellows.

On November 15, 1940, plaintiff entered into a contract to purchase the building from defendants Camp, subject to the Odd Fellows' lease, which expired on June 15, 1941. In none of the conveyances made subsequent to the time plaintiff acquired title was reference made to the bowling alleys which would indicate that they were considered as personal property, not fixtures or a permanent part of the real estate.

On May 20, 1941, prior to the expiration of the Odd Fellows' lease, plaintiff filed the bill of complaint herein, alleging that defendant lodge was threatening to remove the alleys on the theory that they were personal property and subject to removal at the expiration of the lease. The bill prayed for a permanent injunction to prevent such removal, and the trial court entered a decree denying the relief sought.

In deciding the issue involved, it is of importance to note that the dispute arises between plaintiff and the defendant lodge. Defendants Camp take no part in the controversy.

In an early case, *O'Brien* v. *Kusterer,* 27 Mich. 289, a dispute between the owner of premises and his tenant's vendee, it was held that bowling alleys installed by the tenant during the term were fixtures and a permanent part of the realty; further, that the sale thereof by the tenant followed by execution of a chattel mortgage to him by his vendee could not divest the landlord of his rights derived from annexation.

Appellees claim, however, that the tests to be applied in determining whether things annexed to realty become fixtures have been broadened and that the

mode of annexation is not alone controlling, citing *Sequist* v. *Fabiano,* 274 Mich. 643, wherein we said:

"This court has held that three general tests must be applied in order to determine each particular case: First, annexation to the realty, either actual or constructive; second, adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and third, intention to make the article a permanent accession to the freehold."

It is argued that in the instant case the transaction whereby the Odd Fellows acquired the premises from plaintiff in the first instance shows that as between these parties the intent was that the alleys were to be considered personalty. In connection with this claim, defendant called as a witness the man who was secretary-treasurer of the Odd Fellows temple association at the time the building was purchased from plaintiff. He testified from minute books of the defendant lodge that at that time a proposition was made to plaintiff for purchase of the building and a committee was instructed to tender plaintiff a proposition "herewith attached." The paper referred to could not be found but the witness was permitted to testify from memory that the proposition involved an offer of $75,000 for the building, with furnishings, or $70,000, without furnishings. He was further permitted to testify as to what the articles were that were considered as furnishings and stated that the bowling alleys were so considered and that the Odd Fellows at the time of the transaction did not consider the alleys as a part of the realty. It appears that the price paid for the building was $75,000 and defendant claims the foregoing facts establish that as between the parties to this dispute the alleys were treated as personalty; that a constructive severance was accomplished; and

that subsequent conveyances did not alter the character of the disputed property as between the parties to this controversy.

As far as the test of annexation is concerned, the alleys became a part of the realty when installed. *O'Brien* v. *Kusterer, supra.* And we do not agree that a constructive severance was accomplished as the trial court found. At the time of the sale to the Odd Fellows, the alleys were part of the realty and had been prior thereto, and would have passed to the purchaser regardless of whether the offer of sale accepted was "with furnishings" or "without furnishings." As far as that transaction was concerned there was no reason for considering the alleys as personal property.

However, assuming the testimony given by the witness as heretofore outlined to have been admissible to establish that the Odd Fellows considered the alleys as personalty, the record contains no evidence to establish that this was the intent of plaintiff. The witness had never seen the written proposition "herewith attached" to the minute books and had no knowledge that such a writing was ever delivered to plaintiff. A constructive severance could not be effected by the intent of only one of the parties to the transaction, and in the absence of evidence of such intent on the part of plaintiff, defendants' theory must fail.

On the subject of bowling alleys as fixtures generally, see 123 A. L. R. p. 690.

The decree is reversed and one will be entered in accordance with this opinion, with costs to appellant.

Boyles, North, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.