SCHMIT v CITY OF DETROIT

Docket No. 77-4594. Submitted October 4, 1978, at Detroit.—Decided
        January 3, 1979.

    James L. Schmit brought an action against the City of Detroit in
    Wayne Circuit Court for damages for injuries sustained while
    climbing a ladder between the first and second levels of a
    diving platform at an outdoor swimming pool owned by the
    city. Plaintiff claims his injuries arose because the city failed to
    maintain the pool in a safe condition due to its negligent
    installation of anti-skid pads on the steps of the ladder. Defend-
    ant claims governmental immunity. Summary judgment for
    defendant, George T. Martin, J. Plaintiff appeals. *Held:*

        The public building exception to governmental immunity
    applies to a ladder located at an outdoor public swimming pool
    owned by the city; therefore, governmental immunity from tort
    liability is not an available defense.

        Reversed.

1. TORTS — MUNICIPAL CORPORATIONS — GOVERNMENTAL IMMUNITY
        — PUBLIC BUILDINGS EXCEPTION — STATUTES.

    A ladder between the first and second levels of a diving platform
        at an outdoor public swimming pool comes within the public
        buildings exception of the governmental tort liability statute
        (MCL 691.1406; MSA 3.996[106]).

2. TORTS — GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS EXCEP-
        TION.

    Application of the public building exception to governmental tort
        liability is not limited solely to buildings; in enacting the
        exception the Legislature intended to protect the general public

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 156,
    157.
    Municipal operation of bathing beach or swimming pool as govern-
        mental or proprietary function, for purposes of tort liability. 55
        ALR2d 1434.
[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 150-
    155.

from injury by imposing upon governmental agencies the duty to maintain safe public places (MCL 691.1406; MSA 3.996[106]).

*Norbach, Cheatham & MacArthur* (by *Stephen J. Smith*), for plaintiff.

*Roger E. Craig,* Corporation Counsel, *William Dietrich* and *Gregory E. Snow,* Assistants Corporation Counsel, for defendant.

Before: BRONSON, P.J., and M. J. KELLY and D. C. RILEY, JJ.

PER CURIAM. Plaintiff appeals an order granting defendant's motion for summary judgment based on the defense of governmental immunity. MCL 691.1407; MSA 3.996(107).

Plaintiff was injured while climbing a ladder between the first and second levels of a diving platform at an outdoor swimming pool owned by defendant city. He claimed that the injuries arose because the city failed to maintain the pool in a safe condition due to its negligent installation of anti-skid pads on the steps of the ladder. Defendant claimed governmental immunity. Plaintiff argued that the defense was not applicable because defendant charged a nominal 75 cents admission charge, thereby making the operation of the pool a proprietary function instead of a governmental function. In the alternative, plaintiff claimed that even if the pool was a governmental function it came within the public building exception to the doctrine of governmental immunity. MCL 691.1406; MSA 3.996(106). The trial court agreed with defendant and held the defense of governmental immunity applicable.

We need not address plaintiff's first argument because assuming arguendo that the operation of

the pool in question was a governmental function[1] the case comes within the public building exception and the defense of governmental immunity is not applicable.

In *Pichette v Manistique Public Schools,* 403 Mich 268; 269 NW2d 143 (1978), the Michigan Supreme Court held that the public building exception applied to a slide located on a public playground and for this reason governmental immunity did not bar a suit for damages caused by the negligent maintenance of the slide. In so holding, the Court refused to narrowly construe the exception so as to limit its application solely to buildings. Instead, the Court held that in enacting the exception, "the Legislature intended to protect the general public from injury by imposing upon governmental agencies the duty to maintain safe public places".[2] *Pichette* at 285.

Since the pool and its ladder is just as much a public place as was the playground and slide in *Pichette,* the public building exception applies and governmental immunity is not an available defense.

Reversed.

---

[1] But see *Berger v City of Berkley,* 87 Mich App 361; 275 NW2d 2 (1978) (BRONSON, J., concurring), which would hold that the defense of governmental immunity should only be applied to those activities of a governmental unit which could be considered planning or policy making functions and not to cases such as the present when the activity involved is merely an operational activity of the governmental unit.

[2] This quotation was taken from the principal opinion authored by Justice FITZGERALD and concurred in by Chief Justice KAVANAGH and Justice LEVIN. In a separate opinion Justice WILLIAMS states that he agrees with the result and reasoning of this part of the principal opinion. Therefore a majority of the Court has adopted this position.