JOLLY v CITY OF ST CLAIR

Docket No. 84384. Submitted March 19, 1986, at Detroit. Decided August 5, 1986. Leave to appeal applied for.

Robert J. Jolly, Jr., was injured when he fell from the steps of a slide located in a park which is owned and operated by the City of St. Clair. Robert J. Jolly, Sr., individually and as next friend of Robert J. Jolly, Jr., and Carol V. Jolly filed a complaint in St. Clair Circuit Court against the City of St. Clair and Game Time, Inc., alleging that the city had failed to maintain the park premises and equipment in a safe condition and had failed to adequately supervise the use of the playground equipment. Defendant city moved for summary judgment on the basis of governmental immunity. The first motion was denied without prejudice pending publication of *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567 (1984). Following publication of *Ross*, defendant city filed a second motion for summary judgment based on governmental immunity. The trial court, James T. Corden, J., denied the motion, holding that the slide was within the public buildings exception to the statutory grant of governmental immunity. Defendant city appealed on leave granted. *Held:*

The public buildings exception to the statutory grant of governmental immunity evidences a broad legislative intent to promote safe public places independent of the presence of a building as that term has been traditionally defined. Accordingly, that intent is best effectuated by applying the public buildings exception to the playground and slide which was maintained as a public place by defendant city.

Affirmed.

1. GOVERNMENTAL IMMUNITY — HIGHWAYS — PUBLIC BUILDINGS.

The Legislature, in providing exceptions to the general statutory grant of governmental immunity, intended to protect the gen-

REFERENCES

Am Jur 2d, Municipal, School, and State Tort Liability §§ 150 *et seq.*

Modern status of rule excusing governmental unit from tort liability on theory that only general, not particular, duty was owed under circumstances. 38 ALR4th 1194.

eral public from injury by imposing upon governmental agencies the duty to maintain safe public places, whether such places are public highways or public buildings (MCL 691.1406, 691.1407; MSA 3.996[106], 3.996[107]).

2. GOVERNMENTAL IMMUNITY — PUBLIC PLACE — DEFECTIVE PUBLIC BUILDINGS.

The defective public buildings exception to governmental immunity should not depend on whether the instrumentality causing an injury is a fixture or a structural part of a public building, but whether the injury occurred in a public place and whether such place was fit for its assigned and intended use.

3. GOVERNMENTAL IMMUNITY — PUBLIC PLAYGROUNDS.

A permanently attached slide located on a public playground comes within the public buildings exception of the governmental tort liability statute (MCL 691.1406; MSA 3.996[106]).

*J. Thomas McGovern,* for plaintiffs.

*William V. Wendt,* for the City of St. Clair.

Before: R. M. MAHER, P.J., and CYNAR and T. GILLESPIE,* JJ.

PER CURIAM. Defendant City of St. Clair appeals by leave granted the circuit court order denying its motion for summary judgment in which defendant city claimed that it was immune from liability under MCL 691.1407; MSA 3.996(107).

Robert J. Jolly, Jr., was injured when he fell from the steps of a children's slide located in a park owned and operated by the defendant city. Plaintiffs filed a complaint, alleging that defendant city had failed to maintain the premises and equipment in a safe condition and that defendant city had failed to adequately supervise the use of the playground equipment.

Defendant city's first motion for summary judgment, based on governmental immunity, was de-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

nied without prejudice pending publication of *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984). Following the publication of *Ross,* defendant city filed a second motion for summary judgment, arguing that plaintiffs' claim was barred by governmental immunity and, therefore, plaintiffs had failed to state a claim upon which relief could be granted. GCR 1963, 117.2(1), now MCR 2.116(C)(8). In its opinion, the circuit court held that the children's slide was within the public buildings exception to governmental immunity, MCL 691.1406; MSA 3.996(106), and denied defendant city's motion. This Court granted defendant city's motion for leave to appeal in order to determine whether a slide on a city playground falls within the public buildings exception of the governmental immunity statute.

Save for a few statutorily defined exceptions, governmental agencies which are engaged in a governmental function are immune from tort liability. MCL 691.1407; MSA 3.996(107).

The public buildings exception, MCL 691.1406; MSA 3.996(106), upon which plaintiffs rely, provides in relevant part:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition.

In applying the public buildings exception to the present case, both the court and plaintiffs placed

considerable reliance on *Pichette v Manistique Public Schools,* 403 Mich 268; 269 NW2d 143 (1978). In that case, the plaintiff was injured when he was using a slide in the defendant's schoolyard. School was not in session and the slide, which was adjacent, but not attached to the building, was completely accessible to the public. Five justices agreed that the public buildings exception was applicable. The Court rejected a narrow construction of the exception which would have limited its application to injuries sustained from defective conditions inside a building rather than on the building's premises. Justice FITZGERALD explained the Court's decision as follows:

> We believe that in providing for the three exceptions to the general grant of immunity contained in MCL 691.1407; MSA 3.996(107), the Legislature intended to protect the general public from injury by imposing upon governmental agencies the duty to maintain safe public places, whether such places are public highways or public buildings. [403 Mich 285.]

In reliance on *Pichette,* a panel of this Court applied the public building exception to a ladder in a city-owned swimming pool. *Schmit v Detroit,* 88 Mich App 22; 276 NW2d 506 (1979). The Court in *Schmit* reasoned that since the pool and its ladder was "just as much a public place as was the playground and slide in *Pichette,*" the public building exception was equally applicable. 88 Mich App 24. In *Vargo v Svitchan,* 100 Mich App 809, 821; 301 NW2d 1 (1980), another panel of this Court, after surveying recent developments in the public building exception, summarized the factors governing the exception's application as "whether the injury occurred in a 'public place' and whether

that public place was fit for its assigned and intended use."

We agree that the public buildings exception, as interpreted by *Pichette* and subsequent cases, reflects a broad legislative intent to promote safe public places independent of the presence of a building, as that term has been traditionally defined. This intent is best effectuated by applying the exception to the present case. The court's inquiry should not be on whether the public place housed a building, but rather on whether the injury occurred on a place open and intended for use by the public. Since the playground and its slide are just as much a public place as was the playground in *Pichette,* plaintiffs herein are entitled to the same protections as were afforded the plaintiff in that case. We conclude that governmental immunity is not a defense and that the trial court was correct in denying defendant city's motion.

Affirmed.