BESSLER v HURON-CLINTON METROPOLITAN AUTHORITY

Docket No. 105441. Submitted August 3, 1989, at Lansing. Decided October 2, 1989.

Roger and Susan Bessler were injured while riding a toboggan down a naturally formed hill designated as Toboggan Run No. 2 at Kensington Park. The Besslers brought a negligence action in Oakland Circuit Court against the park's operator, the Huron-Clinton Metropolitan Authority, a municipal corporation. The court, Jessica R. Cooper, J., granted summary disposition in favor of defendant, ruling that plaintiffs' claim was barred by governmental immunity and precluded under the recreational use statute. Plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court correctly ruled that the toboggan run was not a public building within the meaning of the public building exception to governmental immunity from tort liability.

2. The trial court properly determined that the $2 vehicle entry fee paid by plaintiffs did not constitute payment of valuable consideration which would have enabled plaintiffs to maintain a negligence action against defendant pursuant to the recreational use statute.

Affirmed.

1. GOVERNMENTAL IMMUNITY — DEFECTIVE PUBLIC BUILDINGS — TOBOGGAN RUNS.

A naturally formed hill used as a toboggan run in a government-operated public park is not a public building within the meaning of the public building exception to governmental immunity from tort liability (MCL 691.1406; MSA 3.996[106]).

2. NEGLIGENCE — REAL PROPERTY — RECREATIONAL USE STATUTE.

An owner, tenant or lessee of real property is not liable for injury to a recreational user of his land who does not pay a valuable consideration for such recreational use unless the injury was

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 291, 294 *et seq.;* Premises Liability §§ 58 *et seq.,* 269, 272.

See the Index to Annotations under Governmental Immunity or Privilege.

caused by the gross negligence or wilful and wanton misconduct of the owner, tenant or lessee (MCL 300.201[1]; MSA 13.1485[1]).

3. NEGLIGENCE — PUBLIC PARKS — RECREATIONAL USE STATUTE — CONSIDERATION — MOTOR VEHICLE ENTRY FEES.

   Payment of a fee for entry of a motor vehicle into a government-operated public park does not constitute the payment of valuable consideration for the recreational use of the park which would enable the payor of such fee, if he suffers injury at the park not attributable to any gross negligence or wilful and wanton misconduct on the part of the park's owner and operator, to pursue an action under the recreational use statute for negligence by the park's operator (MCL 300.201[1]; MSA 13.1485[1]).

*Martin Gary Deutch,* and *Daryl Royal,* of Counsel, for plaintiffs.

*Plunkett & Cooney, P.C.* (by *Frank W. Brochert* and *Christine D. Oldani*), for defendant.

Before: HOOD, P.J., and CAVANAGH and J. W. FITZGERALD,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a December 16, 1987, order granting summary disposition, MCR 2.116(C)(7), in favor of defendant, Huron-Clinton Metropolitan Authority (HCMA). We affirm.

Plaintiffs were injured when their toboggan hit ice chunks on Kensington Park Toboggan Run No. 2 on January 8, 1986. Plaintiffs brought an action against HCMA alleging negligence and nuisance. HCMA, which runs Kensington Park, is a municipal corporation formed under enabling legislation, MCL 119.51; MSA 5.2148(1). On August 13, 1987, HCMA moved for summary disposition, arguing that plaintiffs' claim was barred by governmental

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment.

immunity, MCL 691.1401; MSA 3.996(101); MCL 691.1407; MSA 3.996(107), and an application of the recreational use statute, MCL 300.201(1); MSA 13.1485(1). On November 4, 1987, Oakland Circuit Judge Jessica R. Cooper held that the toboggan run did not come within the public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106), and granted HCMA's motion on immunity grounds. On December 2, 1987, the judge also held that, because the operation of a toboggan run was not a propriety function and the $2 vehicle entry fee did not constitute reasonable consideration within the meaning of the recreational use statute, plaintiffs' ordinary negligence claim was barred under the recreational use statute.

On appeal, plaintiffs contend that the Kensington Park toboggan run was specifically built for public use and, therefore, falls within the public building exception to governmental immunity. We disagree.

The HCMA, as a municipal corporation, is immune from tort liability where the corporation is engaged in the exercise or discharge of a governmental function, barring a statutory exception. MCL 691.1401; MSA 3.996(101); MCL 691.1407; MSA 3.996(107). The public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106), provides:

Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy

the condition or to take action reasonably necessary to protect the public against the condition.

The scope of the public building exception was best summarized by this Court in *Gibson v Grand Rapids,* 162 Mich App 100, 104-105; 412 NW2d 658 (1987), lv den 429 Mich 901 (1988):

> The statute itself only excepts "bodily injury and property damage resulting from a dangerous or defective condition of a public building . . . ." MCL 691.1406; MSA 3.996(106). This exception has been interpreted to include items permanently affixed to a public building. See *Pichette v Manistique Public Schools,* 403 Mich 268; 269 NW2d 143 (1978). See also *Tilford v Wayne Co General Hosp,* 403 Mich 293; 269 NW2d 153 (1978); *Velmer v Baraga Area Schools,* 157 Mich App 489; 403 NW2d 171 (1987). The exception does not include a stationary item located in a municipal park and not immediately adjacent to a part of any public building. See *Jolly v City of St Clair,* 428 Mich 860 (1987), reversing 153 Mich App 824; 396 NW2d 552 (1986).

Plaintiffs rely on *Pichette v Manistique Public Schools, supra,* in support of their claimed error. Their reliance is misplaced. In *Pichette,* our Supreme Court held that a child's slide permanently attached with concrete to the surface of a public school playground and immediately adjacent to a public school building came within the public building exception to immunity. The case at bar is distinguishable from *Pichette.* The toboggan run was not a man-made structure and certainly may not be characterized as a building. The run consisted of a hill "structured" by the natural forces that shape the Earth's surface, covered by a natural accumulation of snow and ice. It existed independent of any public building located in Kensing-

ton Park. Simply put, plaintiffs were injured as a result of the natural accumulation of snow on the hillside and not as the result of any defect in a man-made structure, as was the case in *Pichette.*

Accepting all of plaintiffs' well-pled allegations as true and construing them in the light most favorable to plaintiffs, we hold that the court's grant of summary disposition was proper. *Jolly v City of St Clair, supra; Stroud v Ward,* 169 Mich App 1, 4; 425 NW2d 490 (1988).

Plaintiffs also contend that, because they paid valuable consideration for entry into the park, the recreational use statute does not bar their negligence claim. We disagree.

The recreational use statute, MCL 300.201(1); MSA 13.1485(1), provides:

> Except as provided in subsection (3), no cause of action shall arise for injuries to any person who is on the lands of another without paying to the owner, tenant, or lessee of the lands a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant, or lessee of the land unless the injuries were caused by the gross negligence or willful and wanton misconduct of the owner, tenant, or lessee.

The statute applies to state parks and other state-owned land and provides protection from suit for mere negligence whenever there is gratuitous use of the park. *Schiller v Muskegon State Park,* 153 Mich App 472, 474, 476; 395 NW2d 75 (1986), lv den 428 Mich 874 (1987). Payment of a state park motor vehicle fee does not constitute valuable consideration under the statute and does not deprive state parks of the immunity otherwise granted under the statute. *Id.* at 475.

We find that the court correctly concluded that the $2 vehicle fee did not constitute valuable consideration within the meaning of the statute. *Schiller, supra.* Accordingly, because plaintiffs' complaint sounds in simple negligence and because plaintiffs' complaint is devoid of any allegations of gross negligence or wilful and wanton misconduct on the part of HCMA, we find that the court correctly granted summary disposition to HCMA based on the recreational use statute.

Affirmed.

### ADDENDUM

In our opinion we erroneously state that the toboggan run was not a man-made structure. The fact that the toboggan run was man-made does not change our conclusion that the court correctly granted summary disposition. In *Pichette v Manistique Public Schools,* 403 Mich 268, 285; 269 NW2d 143 (1978), our Supreme Court concluded that the child's slide came within the public building exception to governmental immunity because the injured child "would not have encountered the dangerous condition which led to his injuries but for the existence of defendant's school." Here, the same "but for" nexus between the public building on defendant's property and the toboggan run does not exist.