### FIRST MORTGAGE BOND CO. v. LONDON.

1. FIXTURES—TESTS TO BE APPLIED IN DETERMINING WHAT ARE FIXTURES.

> Tests to be applied in determining whether articles attached to building are fixtures are (1) annexation to freehold, (2) adaptation to uses and purposes of building, (3) intention of parties to make them permanent accessions to freehold.

---

On tests to be applied in determining what are fixtures, see annotation in 3 L. R. A. 33; 5 L. R. A. 150; 10 L. R. A. 722; 77 A. L. R. 1400.

On gas stoves as fixtures, see annotation in 17 L. R. A. (N. S.) 699.

On refrigerator or refrigerating plant as fixture, see annotation in 64 A. L. R. 1222.

2. SAME—MORTGAGES—GOOD-FAITH PURCHASER.

> Where real estate mortgage on apartment house included buildings, improvements, and appurtenances, including screens, curtains, fixtures, etc., already in, or thereafter to be placed in, said buildings, and in statement to obtain money mortgagor represented that he had let contracts for gas fixtures, wall beds, gas ranges, and refrigerators, indicating that they were treated by him, with understanding of mortgagee, as part of building, said articles, or others replacing them, were properly treated as "fixtures" covered by mortgage, as against one claiming to be good-faith purchaser thereof as personalty, without notice of mortgage.

3. SAME—INTENTION OF PARTIES CONTROLLING.

> Where articles necessary and convenient to successful operation of apartment house, but which could be removed without damage to building and could be either fixtures or personalty, were by joint intention and agreement of mortgagor and mortgagee treated as integral and permanent accessions to building, said intention is controlling, and said articles are "fixtures."

4. SAME—MORTGAGES—CONDITIONAL SALES CONTRACTS.

> Where, as between mortgagor and mortgagee, agreement of parties was that equipment placed in apartment house should be subject to mortgage as part of real estate, neither mortgagor nor his assignee may avoid lien by showing title in another.

5. SAME.

> As between contracting parties, article may be attached to freehold as fixture, although it be purchased on conditional sales contract, and, as to vendor therein, may remain chattel.

Appeal from Wayne; Pugsley (Earl C.), J., presiding. Submitted June 10, 1932. (Docket No. 92, Calendar No. 36,181.) Decided September 16, 1932.

Bill by First Mortgage Bond Company, Incorporated, a Virginia corporation, against Benjamin H. London and others to restrain removal of certain detachable fixtures from mortgaged premises. Decree for plaintiff. Defendant Julius London appeals. Affirmed.

*Jeffries & Krause,* for plaintiff.

*Harry J. Lippman,* for defendant Julius London.

Fead, J.   September 15, 1922, Benjamin London and wife executed to plaintiff a construction mortgage for $120,000, to erect a 39-apartment building. Following the description of the land was:

"Together with any and all buildings, improvements and appurtenances now standing, or at any time hereafter constructed or placed upon said lands, or any part thereof including all screens, curtains, fixtures, window shades, ice-boxes, ranges, furnaces, vacuum cleaners, refrigerators, heating, plumbing, ventilating, gas and electric light fixtures, elevators and fittings and machinery, apparatus and fittings and fixtures and machinery of every kind in, or that shall be placed in any building now or hereafter standing on said property or any part thereof."

The instrument was recorded as a real estate mortgage but was not filed as a chattel mortgage. On January 22, 1929, the property was purchased by plaintiff on foreclosure sale by advertisement. A few days after the period of redemption expired, Benjamin London sold all the personal property in the building to his brother, Julius, who, according to the testimony, bought for value and without notice of the mortgage.

The controversy is between plaintiff and Julius London. The question is whether the gas stoves, Murphy wall beds, radiator shields, ice-boxes, and iceless refrigerator equipment in the building are real fixtures belonging to plaintiff or chattels belonging to Julius London. The court held them fixtures and plaintiff had decree enjoining their removal.

All the articles are attached to the building, but may be easily removed without damage to it. The radiator shields received scant attention from counsel and are apparently of little consequence. Originally, the ice-boxes were movable, on casters, but in 1927 the iceless refrigeration system was installed, with power plant in the basement, copper tubing leading to the apartments and the necessary equipment put in the ice-boxes.

The articles meet two of the three general tests of fixtures, as stated in 11 R. C. L. p. 1059, and approved in *Morris* v. *Alexander,* 208 Mich. 387, and *Peninsular Stove Co.* v. *Young,* 247 Mich. 580, in that (1) they are annexed to the freehold, and (2) they are adapted to the uses and purposes of the building. The essential inquiry is whether they meet the third test—intention of the parties to make them permanent accessions to the freehold.

By the terms of the mortgage, the articles are ''included'' in the buildings, improvements, and appurtenances. The instrument was executed as a real estate mortgage, and contains no affidavit of *bona fide* consideration or other language indicating that the parties deemed it to cover or describe chattels. In a statement to obtain money from plaintiff on the loan, in which Benjamin London represented that he had let contracts to complete the building and listed the materials and labor contracted, he included gas fixtures, wall beds, gas ranges, and refrigerators. All the rest of the list covered purely building construction items and no item of personal property. The statement, therefore, indicates that the articles so listed were treated by him, with understanding of plaintiff, as part of the building, in conformity with the description in the mortgage. It was also shown by oral testimony that the pro-

viding of such conveniences in apartments was a very desirable, and rapidly becoming necessary, item in the successful operation of apartment buildings. On the other hand, testimony was offered that Benjamin London told his brother he was installing the equipment as sort of an experiment and if it did not pay he would remove it.

Benjamin did not testify. Counsel recognize that his secret intention was immaterial. As the articles could be either ·fixtures or personalty, the joint intention or agreement of himself and plaintiff is the essential inquiry. It seems obvious that they intended the articles named to be integral and permanent accessions to the building.

The mortgage covered after-placed fixtures. The iceless refrigeration system was in the character of, for the same purpose as, and was in fact merely an improvement of, the ice-box system. It physically attached the ice-boxes to the freehold. And the evidence does not show that the parties intended it to have a different status than the ice-box system, which they had agreed was part of the building.

London purchased the iceless refrigeration system on title-retaining contract, and it is claimed that it remained a chattel because of want of unity of title of the system and the real estate. The contention would be good were the vendor seeking to reclaim the equipment. *Schellenberg* v. *Detroit Heating & Lighting Co.*, 130 Mich. 439 (57 L. R. A. 632, 97 Am. St. Rep. 489); *Woodliff* v. *Citizens Building & Realty Co.*, 240 Mich. 413. As between the mortgagor and mortgagee, the agreement of parties was that the equipment should be subject to the mortgage as part of the real estate and the mortgagor, or his assignee, cannot avoid the lien by showing title in another. It is a sensible rule that, as be-

tween the contracting parties, an article may be attached to the freehold as a fixture, although it be purchased on conditional sales contract, and, as to the vendor therein, may remain a chattel. 41 A. L. R. 615, note; *Grubbs* v. *Hawes,* 173 Ala. 383 (56 South. 227); *In re Erie Lithograph Co.,* 260 Fed. 490.

We think the articles in dispute were fixtures and passed with the real estate. The other questions raised need no discussion.

Decree affirmed, with costs.

Clark, C. J., and McDonald, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred.