SEQUIST *v.* FABIANO.

1. FIXTURES—TESTS APPLIED IN DETERMINING WHAT ARE FIXTURES.
    Tests to be applied in determining whether articles attached to building are fixtures are (1) annexation to freehold, either actual or constructive, (2) adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated, (3) intention to make the article a permanent accession to the freehold.

2. SAME—WHEN AFFIXED BY OWNER GENERALLY BECOMES PART OF REALTY.
    Whatever is affixed to a building by an owner in complement, to facilitate its use and occupation in general, becomes a part of the realty, though capable of removal without injury to the building.

3. SAME—PARTITION, HEATING PLANT, ELECTRIC LIGHTING FIXTURES, AWNING—PERMANENT ATTACHMENT—INTENT.

In suit by mortgagee, who had purchased property upon foreclosure sale, to enjoin mortgagor's removal from store building of a partition, heating plant, electric lighting fixtures, and an awning which had been attached as additions, not as replacements, after defendant's purchase of store subject to plaintiff's mortgage, title to such fixtures *held*, in plaintiff where evidence clearly shows intent to annex fixtures as complemental to the real property and that they should be permanent accessions thereto.

Appeal from Allegan; Miles (Fred T.), J. Submitted January 16, 1936. (Docket No. 73, Calendar No. 38,761.) Decided March 2, 1936.

Bill by Swan M. Sequist against Charles Fabiano for an injunction restraining defendant from removing fixtures from premises after foreclosure sale. Decree for plaintiff. Defendant appeals. Affirmed.

*Leo W. Hoffman* (*Clare E. Hoffman,* of counsel), for plaintiff.

*Elbern Parsons,* for defendant.

TOY, J. In 1928, the defendant purchased a lot and store building, located on a business street in the city of Allegan, subject to an existing mortgage in favor of the plaintiff. After the purchase of said property, the defendant installed a heating plant in the building, attached electric lighting fixtures thereto, erected a partition therein and put an awning on the front thereof.

These additions were of initial installment and not replacements, and cost approximately $715.

Plaintiff foreclosed the mortgage and bid the property in at the foreclosure sale on April 24, 1934. Thereafter, and before the expiration of the redemption period, defendant attempted to remove the

afore-mentioned fixtures therefrom, whereupon this bill was filed by the plaintiff, seeking to enjoin such removal on the ground that such fixtures were a part of the realty. A temporary injunction was issued by the lower court restraining such removal. Answer to the bill was filed denying plaintiff's right to the added property. Hearing was had and the court below made its decree determining that the fixtures, so installed, had become chattels real and passed "under the title acquired by the plaintiff as part of the building," and permanently enjoining defendant from removing them. Defendant appeals.

Were the fixtures, in the instant case, by annexation, assimilated into the realty?

This court has held that three general tests must be applied in order to determine each particular case: First, annexation to the realty, either actual or constructive; second, adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and third, intention to make the article a permanent accession to the freehold. *First Mortgage Bond Co.* v. *London,* 259 Mich. 688; *Peninsular Stove Co.* v. *Young,* 247 Mich. 580; *Morris* v. *Alexander,* 208 Mich. 387.

The trial judge visited the premises, examined the fixtures involved, and as a result of his observations stated in his opinion:

"All of the fixtures involved in this case were bought to be used in this particular building. They are adapted to use here, and some of it (the partition) could be used nowhere else; they are annexed as they would probably be if the occupier intended to use them permanently."

The record discloses that when the defendant purchased the building and added the fixtures thereto he intended to sell it to his son-in-law.

At the trial, the defendant testified:

"My son-in-law had no money, I put it up, he was going to pay for it. I was going to sell it to him, he was going to pay a little at a time. * * * He had an agreement to buy the whole thing, the electric light fixtures and awning, everything together. That included the building. I intended to pay up the mortgage and then deed the property to him provided he paid me for it."

Because of marital troubles the plans for the son-in-law were not carried out.

Thereafter, defendant leased the property to another, the lease covering the real estate and fixtures.

In *Kent Storage Co.* v. *Grand Rapids Lumber Co.,* 239 Mich. 161, Mr. Justice Wiest, speaking for this court, said:

"It is a salutary rule that whatever is affixed to a building by an owner in complement, to facilitate its use and occupation in general, becomes a part of the realty, though capable of removal without injury to the building."

Clearly, in the instant case, the defendant intended the fixtures to be complemental to the real property, and that they should be permanent accessions thereto. Being a part of the freehold, they became part of the mortgage security, and upon foreclosure sale title passed with the realty. *National Bank of Sturgis* v. *Levanseler,* 115 Mich. 372; *Coleman, for the use of Smith,* v. *Stearns Manfg. Co.,* 38 Mich. 30.

The decree of the lower court is affirmed, with costs to plaintiff.

North, C. J., and Fead, Wiest, Butzel, Bushnell, Edward M. Sharpe, and Potter, JJ., concurred.