DICK & DON'S GREENHOUSES, INC v COMSTOCK TOWNSHIP

Docket No. 52734. Submitted June 2, 1981, at Grand Rapids.—Decided January 6, 1982.

Dick & Don's Greenhouses, Inc., owned greenhouses and associated buildings located on land leased by the corporation from a separate partnership consisting of the stockholders in the corporation. Comstock Township assessed the structures as personal property. The corporation petitioned the State Tax Tribunal for review of the assessment, alleging that because the buildings are "personal property" pursuant to statute they are also exempt from taxation because they are being used in agricultural operations. The Tax Tribunal dismissed the petition and the corporation appeals. *Held:*

The legislative purpose for including buildings owned by a taxpayer but located upon lands leased from another as personal property for taxation purposes was to reach such property for taxation, not to define personal property. The intent of the *statutory exemption for personal property used in agricultural operations was to exempt only common-law personal property, giving farmers relief from taxation on their tools and equipment. That relief should not be extended by a strained interpretation of the law to buildings located on leased land.

Affirmed.

1. APPEAL — TAX TRIBUNAL — SCOPE OF REVIEW.

The Court of Appeals, in reviewing a decision of the Tax Tribunal, is bound by the factual determinations of the tribunal and, where no fraud is alleged, the review is limited to the question

REFERENCES FOR POINTS IN HEADNOTES

[1] 72 Am Jur 2d, State and Local Taxation §§ 787, 1112.

Tax assessor's civil liability to taxpayer for excessive or improper assessment of real property. 82 ALR2d 1148.

[2] 71 Am Jur 2d, State and Local Taxation §§ 195, 196, 202, 207.

[3, 4] 71 Am Jur 2d, State and Local Taxation § 326.

73 Am Jur 2d, Statutes § 274.

[4] 71 Am Jur 2d, State and Local Taxation §§ 208, 335.

Validity, construction and effort of state statutes affording preferential property tax treatment to land used for agricultural purposes. 98 ALR3d 916.

of whether the tribunal committed an error of law or adopted a wrong principle.

2. TAXATION — REAL PROPERTY.

The test for ascertaining whether property is personal property or real property for taxation purposes requires consideration of these factors: (1) annexation to the realty, either actual or constructive; (2) adaptation or application to the use or purpose of that part of the realty to which it is connected or appropriated; and (3) intention to make the property a permanent accession to the realty.

3. TAXATION — EXEMPTIONS FROM TAXATION.

Statutes granting exemption from taxation are to be construed strictly in favor of the taxing unit.

4. TAXATION — EXEMPTIONS FROM TAXATION — AGRICULTURAL EXEMPTION — STATUTES.

The statutory exemption from taxation for personal property used for agricultural purposes does not extend to buildings erected on leased land, which may be taxed as personal property (MCL 211.8[d], 211.9[j]; MSA 7.8[d], 7.9[j]).

*Alan H. Silverman, P.C.,* for petitioner.

*Bauckham, Reed, Lang, Schaeffer & Travis, P.C.,* for respondent.

Before: R. B. BURNS, P.J., and ALLEN and T. GILLESPIE,* JJ.

PER CURIAM. This is an appeal from a Michigan State Tax Tribunal dismissal of the appellant's petition for review of personal property tax assessments.

In 1970, Donald J. Smith and Richard Smith formed a partnership known as Dick & Don's Greenhouses for the purpose of conducting a greenhouse business. In 1972, the two partners also formed a corporation named Dick & Don's Greenhouses, Inc. (petitioner), with each partner

---

* Circuit judge, sitting on the Court of Appeals by assignment.

owning 50% of the stock of the corporation. The partnership remained in existence and owned real estate and the buildings thereon. It leased both to the corporation, which operated the business.

In 1976, the partnership sold the greenhouses and other improvements to the corporation, retaining ownership of the underlying land, which it leased to the corporation. The corporation subsequently constructed additional greenhouses on the leased real estate.

In December, 1978, respondent issued a notice of assessed value to the partnership, which covered the value of the greenhouses and other buildings which had been sold to the corporation. In March, 1979, after the partnership appeared before the board of review, the township reduced the partnership's assessed valuation to reflect the land value only and assessed the value of the greenhouses and other buildings situated upon the leased real estate as personal property of the corporation. The assessment was at a total value of $64,100.

Petitioner's theory is that it owns buildings upon the leased land of another, which buildings are "personal property" pursuant to MCL 211.8(d); MSA 7.8(d), and that as personal property "actually being used in agricultural operations", it is exempt from taxation pursuant to MCL 211.9(j); MSA 7.9(j). The petitioner admits that the buildings are permanently affixed to the underlying realty.

The issue is whether MCL 211.8(d); MSA 7.8(d) and MCL 211.9(j); MSA 7.9(j) apply to a situation where, as in this case, title to the buildings is severed. The Michigan State Tax Tribunal ruled that these sections do not establish an exemption under the circumstances of this case.

"This Court's authority to review a decision of the

Tax Tribunal is very limited. On appeal, we are bound by the factual determinations of the tribunal. *Ironwood v Gogebic County Board of Comm'rs,* 84 Mich App 464, 469; 269 NW2d 642 (1978). Where, as here, no fraud is alleged, our review is limited to the question of whether the tribunal committed an error of law of *[sic]* adopted a wrong principle. *Consolidated Aluminum Corp, Inc v Richmond Twp,* 88 Mich App 229, 231; 276 NW2d 566 (1979), Const 1963, art 6, § 28.

"For the purpose of taxation, real property includes 'all lands within the state, and all buildings and fixtures thereon'. MCL 211.2; MSA 7.2." *Michigan National Bank, Lansing v City of Lansing,* 96 Mich App 551, 553; 293 NW2d 626 (1980). See also *Detroit v Norman Allan & Co,* 107 Mich App 186, 189; 309 NW2d 198 (1981).

The tests to be applied to ascertain whether property is real property or personal property are:

"(1) Annexation to the realty, either actual or constructive;

"(2) Adaptation or application to the use or purpose of that part of the realty to which it is connected or appropriated; and

"(3) Intention to make the article a permanent accession to the realty.. *Morris v Alexander,* 208 Mich 387; 175 NW 264 (1919), *Peninsular Stove Co v Young,* 247 Mich 580; 226 NW 225 (1929). The intention which controls is that manifested by the objective, visible facts. The permanence required is not equated with perpetuity. It is sufficient if the item is intended to remain where affixed until worn out, until the purpose to which the realty is devoted is accomplished or until the item is superseded by another item more suitable for the purpose." *Michigan National Bank, Lansing, City of Lansing, supra,* 554. See *San Diego Trust & Savings Bank v San Diego County,* 16 Cal 2d 142; 105 P2d 94 (1940). See also *Sequist v Fabiano,* 274 Mich 643; 265 NW 488 (1936), *Jackson Lodge No 113, BPOE v Camp,* 303 Mich 370; 6 NW2d 549 (1942).

The pole barns and greenhouses which are the subject of this case are clearly real property.

What, then, was the legislative intent in passage of MCL 211.8(d); MSA 7.8(d)?

The statute provides in part:

"Sec. 8. For the purposes of taxation, personal property shall include:

"(a) All goods, chattels and effects within the state.

"(b) All goods, chattels and effects belonging to inhabitants of this state, located without this state, except that property actually and permanently invested in business in another state shall not be included.

"(c) All interests owned by individuals in lands, the fee of which is in this state or the United States, except as otherwise provided in this act.

"(d) All buildings and improvements located upon leased lands, except where the value of the real property is also assessed to the lessee or owner of those buildings and improvements.

"(e) Tombs or vaults built within any burial grounds, and kept for hire or rent, in whole or in part, and the stock of a corporation or association owning the tombs, vaults, or burial grounds.

"(f) All other personal property not enumerated in this section, and not especially exempted by law."

The obvious purpose of the Legislature in the enactment of the above statute was to reach for taxation buildings erected on leased lands, such as airports, federal and state lands or any other lands where title to the underlying properties remains in the owners and the use is granted by, usually, long-term ground leases. The purpose of this statute is not to define what is personal property.

Section 9 of the statute provides, in pertinent part:

"Sec. 9. The following personal property shall be exempt from taxation:

* * *

"(j) Property actually being used in agricultural operations and the farm implements held for sale or resale by retail servicing dealers for use in agricultural production. As used in this subdivision, 'agricultural operations' means farming in all its branches, including cultivation of the soil, growing and harvesting of an agricultural, horticultural, or floricultural commodity, dairying, raising of livestock, bees, fur-bearing animals, poultry, or fish, turf and tree farming, and any practices performed by a farmer or on a farm as an incident to, or in conjunction with, farming operations."

The respondent admits that the use of the buildings in question here is for agricultural purposes.

It has long been the law of Michigan that exemption statutes are to be strictly construed in favor of the taxing unit. *Ladies Literary Club v Grand Rapids,* 409 Mich 748, 753; 298 NW2d 422 (1980), *Kalamazoo Nature Center, Inc v Cooper Twp,* 104 Mich App 657, 664; 305 NW2d 283 (1981), *Circle Pines Center v Orangeville Twp,* 103 Mich App 593, 597; 302 NW2d 917 (1981).

"[S]ince taxation is the rule, and exemption the exception, the intention to make an exemption ought to be expressed in clear and unambiguous terms; it cannot be taken to have been intended when the language of the statute on which it depends is doubtful or uncertain; and the burden of establishing it is upon him who claims it. Moreover, if an exemption is found to exist, it must not be enlarged by construction, since the reasonable presumption is that the State has granted in express terms all it intended to grant at all, and that unless the privilege is limited to the very terms of the statute the favor would be extended beyond what was meant." 2 Cooley, Taxation (4th ed), § 672, p 1403. See *Detroit v Detroit Commercial College,* 322 Mich 142; 33

NW2d 737 (1948). See also *Ladies Literary Club v Grand Rapids, supra.*

There is nothing in either MCL 211.8; MSA 7.8 or MCL 211.9(j); MSA 7.9(j) which indicates a thought on the part of the Legislature that these paragraphs be construed together. Had the Legislature seen fit to set up an exemption for buildings affixed to leased property, it would have done so in express terms.

The Legislature's intention to grant exemption from taxation will never be implied from statutory language which will admit of any other reasonable construction, but must be expressed in unmistakable terms or appear by necessary implication from the language used. *Detroit v Detroit Commercial College, supra,* 148-149.

It would be a strained construction of the acts here discussed if we were to find that separately owned buildings on leased land used for agricultural purposes were exempt entirely from taxation and that the neighbor next door, because he owned the land and buildings, would be subject to tax at competitive disadvantage.

The reasonable construction is that buildings on leased land could be taxed separately as personal property for taxation purposes, but for agricultural exemption purposes the Legislature intended to exempt only common-law personal property. The intent of the Legislature was to give farmers generally relief from taxation of their farm property tools and equipment, but it did not give the same relief on buildings. We should not extend that relief to buildings on leased land by straining the law as petitioner urges.

Because of our resolution of this issue, it is

unnecessary to address the other issues raised by appellant and the alternative justification advanced by the tribunal in support of its decision.

Affirmed.