LEE v SCHOOL DISTRICT OF THE CITY OF HIGHLAND PARK

Docket No. 58658. Submitted May 17, 1982, at Detroit.—Decided July 20, 1982. Leave to appeal applied for.

Valerie Lee, by her next friend Paul Lee, brought an action against the Highland Park School District for injuries suffered when a ping-pong table leaning against a wall of a playroom in a school operated by the district and in which she was a preschool student fell on her. The district moved for summary judgment on the basis of governmental immunity. The Wayne Circuit Court, Irwin H. Burdick, J., granted the motion for summary judgment. Plaintiff appeals, arguing that the daily operation of a public school system is not a governmental function subject to the defense of governmental immunity and, if a governmental function, the claim here falls within the public building exception to the governmental immunity statute. *Held:*

1. The daily operation of a public school system is a governmental function.

2. Since the injury did not result from the absence of safety devices or from the design or construction of the room, the falling of the ping-pong table was not the result of a dangerous or defective condition of the school building itself. The public building exception, accordingly, did not apply and the trial court properly granted the motion for summary judgment.

Affirmed.

1. SCHOOLS — PUBLIC SCHOOLS — GOVERNMENTAL IMMUNITY.

The determination of whether a public school has governmental immunity focuses on the question of whether the particular activity causing the injury which gave rise to the tort claim against the school is a governmental function and is to be found by an inquiry as to whether the purpose, planning, and

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 1
 Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.
[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 150, 155.

carrying out of that particular activity, due to its unique character or governmental mandate, can be effectively accomplished only by the government.

2. SCHOOLS — PUBLIC SCHOOLS — GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS.

An injury to a public school student resulting from the falling of a ping-pong table which was leaning against the wall of a school playroom is not an injury arising out of a dangerous or defective condition of a public building within the public building exception to the governmental immunity statute (MCL 691.1406; MSA 3.996[106]).

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Kathleen L. Bogas*), for plaintiff.

*Ogne, Jinks, Ecclestone & Alberts, P.C.* (by *Frederick G. Ecclestone* and *Stephen T. Moffett*), for defendant.

Before: M. F. CAVANAGH, P.J., and N. J. KAUFMAN and R. A. BENSON,* JJ.

PER CURIAM. Plaintiff appeals by right from an order of summary judgment in favor of defendant school district based upon the doctrine of governmental immunity. MCL 691.1407; MSA 3.996(107).

Plaintiff alleges that on May 4, 1966, when she was a four-year-old preschool student at defendant's Lincoln School, she was injured when a ping-pong table fell upon her. According to plaintiff, the table was leaning against a wall at a 45-degree angle in a playroom adjoining her classroom. She alleges she was told by her teacher to tell other students not to play behind the table. While plaintiff was relaying the message to the other children, the table fell upon her. Plaintiff suffered a broken left hip and was placed in a cast

---

* Circuit judge, sitting on the Court of Appeals by assignment.

running from her waist to her left foot and right knee. She claims that her left knee has since occasionally given out and that she has fallen twice.

On appeal, plaintiff contends: (1) that the daily operation of a public school system is not a governmental function; and (2) that, if the operation of a public school system is a governmental function, the claim here falls within the public building exception to the governmental immunity doctrine. MCL 691.1406; MSA 3.996(106).

All governmental agencies are immune from tort liability in all cases where they are engaged in the exercise and discharge of governmental functions. MCL 691.1407; MSA 3.996(107). In considering the meaning of the term "governmental function", this Court has consistently applied the test formulated by Justice MOODY in his "swing vote" opinions in *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), and *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978). According to Justice MOODY, the term "governmental function" is limited to those activities *sui generis* governmental—of essence to governing.

"To delineate a complete and balanced definition of governmental function within a simplistic format would be presumptuous. However, as a basic guideline, the crux of the governmental essence test should be founded upon the inquiry whether the purpose, planning and carrying out of the activity, due to its unique character or governmental mandate, can be effectively accomplished only by the government. Unless liability would be an unacceptable interference with government's ability to govern, activities that fall outside this perimeter, although performed by a government agency, are not governmental functions and therefore not immune." *Parker v Highland Park, supra,* 200.

In applying this test, our Court has consistently found that the operation of a public school system is a governmental function: that is, it involves an activity, fulfilling the public's educational needs, that can only be effectively accomplished by the government. As stated in *Deaner v Utica Community School Dist,* 99 Mich App 103, 108; 297 NW2d 625 (1980):

"Operation of a public school presents factors similar to those relied on by Justice Moody to distinguish mental hospitals from general hospitals. The government plays a pervasive role in the area of education, appropriating substantial state funds to that field and declaring education as a public policy. See Const 1963, art 8, §§ 1 & 2. The number of private schools is inadequate to meet the educational needs of the public. Finally, while private schools exist to educate some students, the provision of a free and universal education is a uniquely governmental function. Therefore, we would find that the trial court was correct in granting summary judgment to the school district based on governmental immunity."

See, also, *Belmont v Forest Hills Public Schools,* 114 Mich App 692; 319 NW2d 386 (1982), *Bokano v Wayne-Westland Community Schools,* 114 Mich App 79; 318 NW2d 613 (1982), *Cobb v Fox,* 113 Mich App 249; 317 NW2d 583 (1982), *Everhart v Bd of Ed of Roseville Community Schools,* 108 Mich App 218, 221; 310 NW2d 338 (1981), *Churilla v East Detroit School Dist,* 105 Mich App 32, 35; 306 NW2d 381 (1981). We are in accord with the analysis employed by these opinions and conclude that the operation of a public school system is a governmental function.

The building exception to the doctrine of governmental immunity is stated in MCL 691.1406; MSA 3.996(106) which provides in part:

"Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition."

The question of whether a part of a building, here a school playroom, is in a dangerous or defective condition is to be determined with reference to the uses or activities for which it is specifically assigned. A building may be dangerous or defective because it is in disrepair or because of improper design, faulty construction, or the absence of safety devices. *Bush v Oscoda Area Schools,* 405 Mich 716, 728-732; 275 NW2d 268 (1979). For example, a classroom not equipped with special safety devices may be dangerous or defective with reference to its use as a location for science class experiments. *Id.*

Here, the injury to plaintiff occurred in a portion of the school building used as a playroom. However, the source of the injury, the ping-pong table leaning against the wall, was not a dangerous or defective condition of the building. The danger to plaintiff arose from the absence of or negligent supervision of the preschool children by their teacher. See *Belmont v Swieter, supra, Vargo v Svitchan,* 100 Mich App 809, 821-823; 301 NW2d 1 (1980). Plaintiff argues, however, that the playroom was not safely maintained because the ping-pong table was left leaning against the wall at an unsteady angle. Therefore, plaintiff contends, the room was not safe with respect to the preschool play activities for which it was assigned. *Bush v*

*Oscoda Area Schools, supra.* However, unlike the classroom in *Bush,* the danger in the playroom did not stem from the absence of safety devices or from the design or construction of the room. The danger here, that of a falling ping-pong table, was not the result of a dangerous or defective condition of the school building itself.

We conclude that plaintiff's allegations do not fall within the public building exception to the governmental immunity statute. The trial court correctly granted summary judgment in favor of defendant.

Affirmed.