GIBSON v CITY OF GRAND RAPIDS

Docket No. 89399. Submitted January 6, 1987, at Grand Rapids. Decided August 3, 1987. Leave to appeal applied for.

Jimmy L. Gibson injured his back after falling off a chair in a City of Grand Rapids public library. He filed suit in Kent Circuit Court against the City of Grand Rapids alleging negligence and his wife, Mitzi Gibson, claimed loss of consortium. Defendant moved for summary disposition, claiming plaintiffs' action was barred by governmental immunity. Plaintiffs then sought to amend their complaint to allege the "dangerous or defective" public building exception to governmental immunity. The trial court, George V. Boucher, J., denied plaintiffs' motion and granted summary disposition in favor of defendant. Plaintiffs appealed.

The Court of Appeals *held:*

The dangerous or defective public building exception to governmental immunity does not encompass freestanding and moveable items of furniture located within a public building. Thus, plaintiffs' proposed amendment would have been futile and the trial court properly denied plaintiffs leave to amend their complaint and properly granted summary disposition in defendant's favor.

Affirmed.

1. GOVERNMENTAL IMMUNITY — AFFIRMATIVE DEFENSE — PLEADING.

An affirmative defense of governmental immunity must be raised in a governmental agency's responsive pleading; however, the plaintiff must also plead facts in the complaint which would justify applying an exception to governmental immunity (MCR 2.111[F][3][a], 2.116[C][7], 2.116[D][2]).

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — GOVERNMENTAL IMMUNITY.

A trial court, when reviewing a defendant's motion for summary

REFERENCES

Am Jur 2d, Municipal, School, and State Tort Liability §§ 145, 147, 150, 154 *et seq.*; 310 *et seq.*

See the annotations in the Index to Annotations under Governmental Immunity or Privilege.

disposition on the basis of governmental immunity, must consider the pleadings, depositions, admissions, and other documentary evidence filed in the action or submitted by the parties; if the pleadings show a party is entitled to judgment as a matter of law, or if the affidavits or other proofs reveal no genuine issue of material fact, the court must render judgment without delay (MCR 2.116[C][7], 2.116[G][5], 2.116[I][1]).

3. PLEADING — AMENDMENT OF PLEADINGS.

Leave to amend pleadings should be freely given where justice so requires (MCR 2.118[A][2]).

4. GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS EXCEPTION — FURNITURE.

The "dangerous or defective" public building exception to governmental immunity does not encompass freestanding and moveable items of furniture located within a public building; thus, a governmental agency may properly claim immunity in a negligence action brought by a plaintiff who sustained injuries in falling off a chair inside a public building (MCL 691.1406; MSA 3.996[106]).

*Williams, Klukowski, Drew & Fotieo* (by *Michael P. Szczytko*), for plaintiffs.

*Michael D. Tomich*, for defendant.

Before: MACKENZIE, P.J., and WEAVER and J. E. ROBERTS,* JJ.

WEAVER, J. Plaintiffs appeal as of right from summary disposition entered by the Kent Circuit Court in favor of defendant on the basis of governmental immunity. MCR 2.116(C)(7).

Plaintiffs Mitzi and Jimmy Lloyd Gibson sued the City of Grand Rapids for damages resulting from Mr. Gibson's back injuries, sustained when the wooden chair upon which he was seated in the Branch West Side Library collapsed. Mr. Gibson alleged that the city was liable for negligently

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

failing to exercise due care in the operation of the library, in that the city knew or should have known the chair to be in a potentially hazardous condition but failed to warn the public or to inspect the chair for structural integrity. Mrs. Gibson brought an additional claim for loss of consortium.

The city moved for summary disposition on the basis of governmental immunity under MCR 2.116(C)(7). Plaintiffs then sought to amend their complaint so that they could allege the "dangerous or defective" public building exception to governmental immunity under MCL 691.1406; MSA 3.996(106). Determining that the public building exception did not apply, on November 26, 1985, the court entered an order denying plaintiffs' amendment and granting summary disposition in favor of the defendant city. Plaintiffs appeal as of right.

Plaintiffs argue that the circuit court erred when applying the immunity exception only to injuries resulting from a defect in the building's actual structure or one of its fixtures. The city responds that the court's determination is based on a correct reading of the statute, which should not be judicially expanded to include nonstationary items in a public building. We agree with the city and affirm the circuit court's order.

Governmental agencies engaged in the exercise or discharge of a governmental function enjoy broad immunity from tort liability. MCL 691.1401 et seq.; MSA 3.996(101) et seq. Under the public building exception to governmental immunity, however, liability may still accrue to a governmental agency for the

> defective condition of a public building if the governmental agency had actual or constructive

knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. [MCL 691.1406; MSA 3.996(106).]

"Immunity granted by law" is an affirmative defense which must be raised in the governmental agency's responsive pleading. MCR 2.116(C)(7), 2.116(D)(2), and 2.111(F)(3)(a). However, plaintiffs must also plead facts in the complaint which would justify applying an exception to governmental immunity. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 621, n 34; 363 NW2d 641 (1984). See also *Hyde v University of Michigan Bd of Regents,* 426 Mich 223, 261; 393 NW2d 847 (1986). When reviewing a motion under MCR 2.116(C)(7), the court must consider the pleadings, depositions, admissions, and other documentary evidence filed in the action or submitted by the parties. MCR 2.116(G)(5). If the pleadings show a party is entitled to judgment as a matter of law, or if the affidavits or other proofs reveal no genuine issue of material fact, the court must render judgment without delay. MCR 2.116(I)(1).

In this case, plaintiffs sought to amend their complaint in order to plead the immunity exception. Leave to amend should be freely given where justice so requires. MCR 2.118(A)(2). The city was already on notice as to the facts alleged in the complaint and would not have been prejudiced by the amendment. See *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656-657; 213 NW2d 134 (1973). Therefore, denial of leave to amend was proper only if plaintiffs' amendment would have been futile because the public building exception could not apply. *Id.* Here, denial of leave to amend was not improper. Plaintiffs' amendment would have been futile, since the city was immune from suit.

The statute itself only excepts "bodily injury and property damage resulting from a dangerous or defective condition of a public building . . . ." MCL 691.1406; MSA 3.996(106). This exception has been interpreted to include items permanently affixed to a public building. See *Pichette v Manistique Public Schools,* 403 Mich 268; 269 NW2d 143 (1978). See also *Tilford v Wayne Co General Hospital,* 403 Mich 293; 269 NW2d 153 (1978); *Velmer v Baraga Area Schools,* 157 Mich App 489; 403 NW2d 171 (1987). The exception does not include a stationary item located in a municipal park and not immediately adjacent to or a part of any public building. See *Jolly v City of St Clair,* 428 Mich 860 (1987), reversing 153 Mich App 824; 396 NW2d 552 (1986). Further, when injury is caused by an intervening act or omission, the exception does not apply and immunity may be asserted. *Vargo v Svitchan,* 100 Mich App 809; 301 NW2d 1 (1980), app dis 411 Mich 1035 (1982).[1] See also *Belmont v Forest Hills Public Schools,* 114 Mich App 692; 319 NW2d 386 (1982), lv den 422 Mich 891 (1985); *Landry v Detroit,* 143 Mich App 16, 21-22; 371 NW2d 466 (1985), lv gtd 424 Mich 876

[1] Relying on *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979), the panel in *Vargo* stated that "the exception to governmental immunity found in MCL 691.1406; MSA 3.996(106) is no longer to be governed by whether the instrumentality causing the injury was a fixture or structural part of the public building. Of concern now is whether the injury occurred in a 'public place' and whether that public place was fit for its assigned and intended use." 100 Mich App 821. Although such language appears to indicate a conflict in the decisions of this Court regarding when to apply the dangerous or defective public building exception to governmental immunity, we believe that this case and that category of cases which it represents may be distinguished and harmonized. In *Vargo,* the question of liability arose from injuries to a high school student while lifting weights in the school gymnasium, and the Court refused to label the failure of individual school employees to exercise due care as a "defect" in the building. 100 Mich App 822. *Bush* centered on the presence or absence of safety devices in a schoolroom lab. 405 Mich 731-732.

(1986); *Zawadzki v Taylor,* 70 Mich App 545; 246 NW2d 161 (1976), lv den 399 Mich 875 (1977). Immunity may also be asserted when the injury is caused by a nonstationary item within a building. *Lee v Highland Park School Dist,* 118 Mich App 305, 308-310; 324 NW2d 632 (1982), lv den 422 Mich 902 (1985). See also *Cody v Southfield-Lathrup School Dist,* 25 Mich App 33, 38-39; 181 NW2d 81 (1970).

Because governmental immunity was properly asserted, the trial court did not err in denying plaintiffs' motion to amend and in granting summary disposition for the defendant city. We cannot believe that the Legislature intended its immunity exception to include freestanding and moveable items of furniture located within a public building such as the library chair in this case.

Affirmed.