VELMER v BARAGA AREA SCHOOLS

Docket No. 80356. Argued January 6, 1988 (Calendar No. 7). Decided May 16, 1988.

Michael Velmer brought an action in the Baraga Circuit Court against the Baraga Area Schools, claiming damages for injuries sustained while working on a milling machine during a shop class and alleging that the condition of the machine was unreasonably dangerous, thereby rendering the public building exception to governmental immunity applicable. The court, Stephen D. Condon, J., granted summary judgment for the defendant, finding that the machine was not part of the building and did not fall within the public building exception. The Court of Appeals, ALLEN, P.J., and LIVO, J. (CYNAR, J., concurring in part and dissenting in part), affirmed (Docket No. 87901). The plaintiff appeals.

In an opinion by Chief Justice RILEY, joined by Justices LEVIN, BRICKLEY, CAVANAGH, BOYLE, and ARCHER, the Supreme Court *held:*

A dangerous or defective condition of a fixture of a public building—without regard to whether it is actually attached or constructively attached by its weight—may support a claim of liability under the public building exception to governmental immunity.

1. As a general rule, a governmental agency is immune from tort liability where it is engaged in the exercise of a governmental function. An exception arises where bodily injury results from a defect or dangerous condition of a public building itself which is under the agency's control. A fixture in a public building is part of the building, and any defect in a fixture amounts to a defect in the building.

2. Whether an object is a fixture depends on the particular facts of each case and is to be determined by applying three factors: annexation to the realty; adaptation or application to the use or purpose to which that part of the realty to which it

REFERENCES

Am Jur 2d, States, Territories and Dependencies §§ 99 *et seq.*

State's immunity from tort liability as dependent on governmental or proprietary nature of function. 40 ALR2d 927.

is connected is appropriated; and an intention by the annexing party, by objective, visible facts, to make the article a permanent annexation.

3. In this case, summary disposition was inappropriate because of the factual question whether the milling machine was a fixture.

· Reversed and remanded.

Justice Griffin, dissenting, stated that the milling machine at issue did not become part of the building merely because it was heavy. An owner's intention, determined on the basis of objective, visible facts, is one of the factors to be considered in deciding whether an article is a fixture and therefore a permanent accession to realty. Under that standard, it cannot be said that in this case the Court of Appeals erred by holding that the classroom equipment used for instructional purposes was not part of the building.

157 Mich App 489; 403 NW2d 171 (1987) reversed.

Governmental Immunity — Public Buildings — Fixtures.

A dangerous or defective condition of a fixture of a public building—without regard to whether it is actually attached or constructively attached by its weight—may support a claim of liability under the public building exception to governmental immunity (MCL 691.1406; MSA 3.996[106]).

*Wisti & Jaaskelainen, P.C.* (by *Roger W. Zappa*), for the plaintiff.

*Kendricks, Bordeau, Adamini, Keefe, Smith & Girard, P.C.* (by *Dennis H. Girard*), for the defendant.

Riley, C.J. The issue in this case is whether the public building exception to governmental immunity applies under the facts presented. The Court of Appeals held that the exception was inapplicable and affirmed the trial court's grant of summary disposition in defendant's favor. We reverse that decision.

FACTS AND PROCEEDINGS

On October 6, 1982, plaintiff was injured while

working on a milling machine during metal shop class at the Baraga Area Schools. Apparently, plaintiff's gloved hand came in contact with the machine's cutting mechanism, dismembering his right index finger and nearly severing his right thumb. Plaintiff was sixteen years old at the time of the accident and had just received instruction on how to operate the machine.

Plaintiff brought this action against several defendants in the Baraga Circuit Court. The claims against all of the defendants except the Baraga Area Schools were settled, leaving the school as the only defendant involved in this appeal.

In the relevant portion of his amended complaint, plaintiff predicated defendant's liability on the public building exception to governmental immunity. MCL 691.1406; MSA 3.996(106). Plaintiff alleged several deficiencies with regard to the milling machine, primarily that it was not equipped with a "point of operation" guard, which protects the machine's operator from accidental contact with the cutting heads. As such, plaintiff alleged that the condition of the machine was unreasonably dangerous, rendering the public building exception applicable.

Defendant brought a motion for summary disposition pursuant to MCR 2.116(C)(8), (10), arguing that plaintiff's claim was barred by governmental immunity. MCL 691.1407; MSA 3.996(107). Deposition testimony disclosed that the milling machine was very heavy and had not been bolted or permanently affixed to the floor. As such, defendant argued that the machine was not part of the building and, therefore, that plaintiff's allegations did not fall within the public building exception. The trial court agreed with defendant and granted summary disposition.

In a motion for reconsideration, plaintiff presented an unsigned affidavit of his expert witness who averred that the machine weighed over one thousand pounds and that it was unnecessary to bolt the machine to the floor because of its weight. Further, the affiant stated that the milling machine was connected to the building by a permanently attached electrical conduit which would require an electrician to disconnect. Following the trial court's denial of plaintiff's motion for reconsideration, plaintiff provided an executed copy of the previously unsigned affidavit.[1]

The Court of Appeals affirmed the grant of summary disposition. 157 Mich App 489; 403 NW2d 171 (1987). One judge dissented, stating that he would find the public building exception applicable. *Id.* at 502-503 (CYNAR, J., concurring in part and dissenting in part).

We granted leave to appeal, limited to the question of the applicability of the public building exception. 428 Mich 910 (1987).

### DISCUSSION

At the time this action accrued, the governmental immunity statute provided:

> Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed. [MCL 691.1407; MSA 3.996(107).]

---

[1] In its brief to this Court, defendant asserts that it disputes the contents of this affidavit.

This portion of the act was substantially modified by 1986 PA 175. However, these revisions are not relevant to this appeal, as the public building exception to governmental immunity was unchanged. See *Roy v Dep't of Transportation,* 428 Mich 330, 332, n 3; 408 NW2d 783 (1987) (amendments to immunity statute not relevant to decision under highway exception, MCL 691.1402; MSA 3.996[102], as that portion of the statute not revised by 1986 PA 175).

The relevant portion of the public building exception to governmental immunity provides:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. [MCL 691.1406; MSA 3.996(106).]

Our review of this matter is necessarily limited by the narrow question presented below.[2] The trial court considered deposition testimony in reaching its decision to grant defendant's motion for summary disposition. As such, we treat the motion as being granted pursuant to MCR 2.116(C)(10), under which the court may properly consider matters outside the pleadings. A motion brought pursuant to 2.116(C)(10) tests the factual basis for plaintiff's

[2] On appeal to this Court, the parties argued the question whether defendant had notice of the claimed dangerous or defective condition of the milling machine. As this issue was not presented to the trial court, we decline to address it in the first instance. However, the parties are free to raise the question on remand.

claim and may be granted only if "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." MCR 2.116(C)(10).

The trial court found the evidence that the milling machine was not bolted or permanently affixed to the floor of the building to be dispositive of the issue of the applicability of the public building exception. The Court of Appeals affirmed that decision, distinguishing the case of *Green v Dep't of Corrections,* 30 Mich App 648; 186 NW2d 792 (1971), aff'd 386 Mich 459; 192 NW2d 491 (1971).

In *Green,* the plaintiff was a prisoner in the Detroit House of Corrections. During his incarceration, he was injured while working on a planing machine in the prison shop. The plaintiff claimed that the planing machine was not equipped with the correct protective shield and safety switch, causing it to sever his right middle finger.

After determining that the House of Corrections was a public building and that the plaintiff was a member of the public, the *Green* Court discussed the planing machine which caused the plaintiff's injuries:

> The planing machine in question was anchored securely to the floor in the prison shop. Our courts have held that permanently attached fixtures in public buildings become part of those buildings. . . . Accepting the factual findings of the trial court as true, [that the planing machine lacked the proper safety devices,] we conclude, as did the lower court, that the safety defects in the planing machine amounted to defects in a public building. [*Green,* 30 Mich App 655.]

On appeal in this Court, we affirmed. However,

the focus of that opinion was not on the planing machine or its manner of affixation, but rather on whether the House of Corrections was a public building and whether the plaintiff was a member of the public. This Court did not mention or discuss the fact that the planing machine was affixed to the floor, and the only reference to the machine was in passing:

It is enough to say that, had the defendant at bar been a private citizen, agency, or entity made responsible by law or by any like undertaking to "safely" keep the plaintiff, there was sufficient evidence upon which a finding of actionable negligence on the part of such citizen, agency, or entity could be made and reported by a duly appointed fact finder or finders. [*Green, supra,* 386 Mich 462.]

In the instant case, the Court of Appeals rejected plaintiff's argument that under *Green* the public building exception was applicable:

Plaintiff argues that the trial court construed *Green* too narrowly since the machine in the instant case was so heavy that it in effect became a "fixture," and under Michigan law all fixtures are considered part of the realty. *Sequist v Fabiano,* 274 Mich 643, 645-646; 265 NW 488 (1936). We disagree on two grounds. First the fixtures in question in *Fabiano* were a heating plant, attached electric light fixtures on a store building, and an awning on the front of the building, all put in by the defendant when he purchased the store. The Court held the items so installed were intended to facilitate the use and occupation of the building, were complementary to the real property, and, therefore, became part of the freehold and part of the mortgage security. Clearly, the classroom machine in the instant case was not a structural part of the building like an awning or a furnace but, instead, was more in the nature of removable

personal property such as desks and other shop equipment commonly used for classroom shop instruction. [*Velmer, supra* at 497.]

The Court of Appeals found this case to be more like those cases in which the public building exception was found to be inapplicable because they involved "items not permanently affixed to the building . . . ." *Id.,* citing *Lee v Highland Park School Dist,* 118 Mich App 305; 324 NW2d 632 (1982); *Belmont v Forest Hills Public Schools,* 114 Mich App 692; 319 NW2d 386 (1982), lv den 422 Mich 891 (1985).

This Court has never decided whether a dangerous or defective condition of a fixture, heavy enough so as not to require bolting to the floor, falls within the public building exception. In *Pichette v Manistique Public Schools,* 403 Mich 268; 269 NW2d 143 (1978), we determined that the condition of a slide, permanently attached on a public school playground, gave rise to liability under the public building exception. While *Pichette* did mention the fact that the slide was permanently attached, the decision in that case did not necessarily require actual affixation. Because the slide was permanently attached, it was considered part of the premises, and thus within the public building exception. However, neither *Pichette* nor logic dictates that an item may only become part of the premises by way of permanent attachment.

Several Court of Appeals decisions have held the public building exception inapplicable where the item causing injury was nonstationary and easily movable, or not part of the structure of the building itself. The most recent of these cases is *Gibson v Grand Rapids,* 162 Mich App 100; 412 NW2d 658 (1987), in which the plaintiff, while sitting on a

chair in a public library, was injured when the chair collapsed. The Court held the public building exception to be inapplicable stating, "We cannot believe that the Legislature intended its immunity exception to include freestanding and moveable items of furniture located within a public building such as the library chair in this case." *Gibson, supra* at 105. Similarly, *Lee* and *Belmont, supra,* cited by the Court of Appeals in this case, involved easily movable, nonfixture items which had allegedly caused the plaintiffs' injuries. In *Lee,* the plaintiff was injured when a ping pong table fell upon her in a school play room. The plaintiff in *Belmont* was struck in the eye by an eraser thrown by a fellow student. In both cases, the Court found the public building exception to be inapplicable.[3]

We agree with the result of *Gibson, Lee,* and *Belmont,* but find that they are distinguishable from this case because of the nature of the item allegedly causing injury. Those cases involved nonstationary, easily movable items not even remotely resembling fixtures. Here, the milling machine was heavy, stationary, and not subject to tipping over or being thrown. Except for the fact that the machine was not bolted to the floor, a condition arguably unnecessary because of its weight, the Court of Appeals presumably would have followed *Green* and found the public building exception to be applicable.

We agree with the major premise of the Court of

---

[3] See also *Cody v Southfield-Lathrup School Dist,* 25 Mich App 33; 181 NW2d 81 (1970) (plaintiff injured on minitrampoline in gym class; building exception inapplicable); *Zawadzki v Taylor,* 70 Mich App 545; 246 NW2d 161 (1976), lv den 399 Mich 875 (1977) (student hit by errant tennis ball during gym class; claimed nets would have prevented injury; building exception inapplicable). Cf. *Smith v Clintondale School Dist,* 14 Mich App 153; 165 NW2d 332 (1968) (student injured when door, from which the lock had been removed, hit her; building exception applicable).

Appeals that in order for the public building exception to apply, the injury must result from a defect or dangerous condition of the building itself. *Reardon v Mental Health Dep't,* 430 Mich 398; 424 NW2d 248 (1988). However, we disagree with the determination that because the milling machine was not bolted to the floor, it could not constitute a condition of the building.

We have consistently held that items which are found to be fixtures are considered to be part of the realty to which they are connected. *Morris v Alexander,* 208 Mich 387; 175 NW 264 (1919); see also *Green, supra,* 30 Mich App 655. The question whether an object is a fixture depends on the particular facts of each case, *Kent Storage Co v Grand Rapids Lumber Co,* 239 Mich 161, 164; 214 NW 111 (1927), and is to be determined by applying three factors:

> [1] annexation to the realty, either actual or constructive; [2] adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and [3] intention to make the article a permanent accession to the freehold. [*Peninsular Stove Co v Young,* 247 Mich 580, 582; 226 NW 225 (1929).]

In general, the controlling intention is that manifested by the annexing party by "objective, visible facts." *Michigan Nat'l Bank v City of Lansing,* 96 Mich App 551, 554; 293 NW2d 626 (1980), affirmed by an equally divided Court 414 Mich 851 (1982).

We disagree with the Court of Appeals decision because it creates an artificial distinction between injuries caused by an actually attached fixture and injuries caused by a constructively attached fixture. Just as in *Pichette, supra* at 285, where there was little to distinguish an injury occurring on the immediately adjacent premises of a public building

from one occurring inside the building, we find little to distinguish these two situations.[4]

The only difference between the milling machine here and the planing machine in *Green* is that the planing machine was anchored to the floor. Presumably, since the planing machine in *Green* was found to be a fixture, the purpose of anchoring it was to have the machine become an accession to the realty. There is no reason to distinguish this case from *Green* on this basis because the milling machine may also have been intended to become an accession to the realty, but bolting to the floor was unnecessary because of its weight. If this was the case, attaching the milling machine to the floor would have been unnecessary and of no functional benefit.[5]

Thus, we agree with Judge CYNAR's concurrence in which he stated that the weight of this machine in this case may have affixed it to the floor even more securely than the machine in *Green,* and therefore actual attachment was arguably unnecessary.

---

[4] The Court of Appeals also determined that "classroom equipment used for instructional purposes is not intended to become part of the realty." *Velmer, supra* at 498.

We find the Court of Appeals determination that the milling machine was not intended to become part of the realty premature on the record before us, as neither party presented evidence or argument to the trial court regarding this question.

[5] We also disagree with the Court of Appeals interpretation of *Fabiano.* The fact that the fixtures involved in *Fabiano* were of a structural nature does not mean that the milling machine in question here cannot be considered a fixture and, thus, part of the realty. This Court has found other items of a nature similar to the milling machine to be fixtures. For instance, gas ranges installed in an apartment building were determined to be fixtures in *Peninsular Stove Co, supra.* In *First Mortgage Bond Co v London,* 259 Mich 688; 244 NW 203 (1932), a number of different appliances were deemed to be fixtures in an apartment building. See also *Detroit Trust Co v Detroit City Service,* 262 Mich 14; 247 NW 76 (1933) (machinery as well as spare motors and replacement equipment found to be fixtures). Finally, the planing machine in *Green* was no more "structural" than the milling machine here.

We hold that a dangerous or defective condition of a fixture—without regard to whether it is actually attached or constructively attached by its weight—may support a claim of liability under the public building exception to governmental immunity. Summary disposition was inappropriate in this case because of the factual question whether the milling machine was a fixture. Therefore, we reverse the judgment of the Court of Appeals and remand this case to the trial court for further proceedings consistent with this opinion.

LEVIN, BRICKLEY, CAVANAGH, BOYLE, and ARCHER, JJ., concurred with RILEY, C.J.

GRIFFIN, J. I respectfully dissent. In *Sequist v Fabiano,* 274 Mich 643, 645-646; 265 NW 488 (1936), the items in question were a heating plant, electric light fixtures, and an awning on the front of the building. Explaining its reliance on *Sequist,* the Court of Appeals reasoned that those items "were intended to facilitate the use and occupation of the building, were complementary to the real property, and therefore became part of the freehold . . . ." *Velmer v Baraga Area Schools,* 157 Mich App 489, 497; 403 NW2d 171 (1987).

The milling machine used for classroom instruction in this case did not become part of the building like a furnace, electric light fixtures, or an awning. Rather, a milling machine used for instructional purposes is akin to such items of removable personal property as a word processing machine, a copy machine, or a mainframe computer. Such machines, like the teacher's desk, may be heavy and not easily moved, but they do not become part of the real estate just because they are heavy. If that were to be the test, perhaps we should go further and identify the point on the

scale at which personalty will be separated from real estate.

As the majority explains, the owner's intention is one of the factors to be considered in deciding whether an article is a fixture and therefore a permanent accession to the realty. In determining intention, a court should look to objective, visible facts. See *Dick & Don's Greenhouses, Inc v Comstock Twp,* 112 Mich App 294, 297; 315 NW2d 573 (1982). With that standard in mind, I cannot say the Court of Appeals clearly erred when it held that the classroom equipment used for instructional purposes in this case was not part of the building.