## YORK v CITY OF DETROIT

Docket No. 109329. Submitted June 9, 1988, at Lansing. Decided June 28, 1989.

Ruthie Mae York, personal representative of the estate of William York, Jr., who committed suicide by hanging himself in a precinct holding cell following his arrest, brought an action in the Wayne Circuit Court against the City of Detroit, alleging a deprivation of decedent's civil rights compensable under 42 USC 1983 and a defective public building, which was a proximate cause of decedent's death. The court, Charles Kaufman, J., granted a judgment on a jury verdict for plaintiff. Defendant appealed and plaintiff cross appealed, alleging that the court erred in ruling that the rules for jails and lockups promulgated by the Department of Corrections were not mandatory and binding on the city. The Court of Appeals held in an unpublished opinion per curiam, decided July 10, 1987 (Docket No. 87529), that the public building exception applied and the evidence presented a jury question. However, the Court reversed and remanded for a new trial on the basis that the holding on the rules for jails and lockups was erroneous and required reversal. Defendant sought leave to appeal and the Supreme Court, in lieu of granting leave to appeal, remanded, 430 Mich 881 (1988), for reconsideration in light of *Velmer v Baraga Area Schools,* 430 Mich 385 (1988), and *Reardon v Dep't of Mental Health,* 430 Mich 398 (1988).

On remand, the Court of Appeals *held:*

The public building exception to governmental immunity applies only where an injury is occasioned by a physical defect or dangerous condition of a building itself. It does not apply in the present case.

Remanded for a new trial on plaintiff's 42 USC 1983 claim.

GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS.

The public building exception to governmental immunity applies

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 275, 277, 284.

See the Index to Annotations under Buildings; Design of Products and Structures; Governmental Immunity or Privilege.

only where an injury is occasioned by a physical defect or dangerous condition of a building itself (MCL 691.1406; MSA 3.996[106]).

*Theodore Spearman, P.C.* and *Stone & Richardson* (by *Ralph H. Richardson*), for plaintiff.

*Donald Pailen,* Corporation Counsel, and *William Woodard* and *Joanne Stafford,* Assistant Corporation Counsel, for defendant.

Before: MICHAEL J. KELLY, P.J., and SULLIVAN and McDONALD, JJ.

PER CURIAM. This case is before us on remand from our Supreme Court for reconsideration in light of *Velmer v Baraga Area Schools,* 430 Mich 385; 424 NW2d 770 (1988), and *Reardon v Dep't of Mental Health,* 430 Mich 398; 424 NW2d 248 (1988). The facts of this case are set forth in our first opinion. See *York v Detroit,* unpublished opinion per curiam of the Court of Appeals, decided July 10, 1987 (Docket No. 87529). After reconsidering this case, we conclude that the public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106), does not apply. Although our Supreme Court intended that *Reardon* would clarify the duty imposed by the public building exception, we, nevertheless, found the issue in this case difficult to resolve.

In *Reardon,* our Supreme Court examined the Legislature's intent in enacting the public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106). This narrow exception to a broad grant of immunity applies to "an injury arising out of a dangerous or defective physical condition of the building itself." *Reardon,* 409. In other words, the exception applies in cases in which "the physical condition of the building

causes the injury." *Id.,* p 411. The *Reardon* Court clarified that the duty imposed by the exception "relates to dangers actually presented by the building itself." *Id.,* p 415. The physical condition of the building can arise from improper design, faulty construction, or absence of safety devices. *Reardon,* 409-410; *Bush v Oscoda Area Schools,* 405 Mich 716, 730; 275 NW2d 268 (1979).

In fact, the *Reardon* Court noted that the Legislature intended that the public building exception apply to facts similar to those of *Williams v Detroit,* 364 Mich 231; 111 NW2d 1 (1961), the case which precipitated the Legislature's enacting the governmental immunity act. *Reardon,* 408-409. In *Williams,* the plaintiff's decedent was assisting in carrying a desk into an elevator in a building owned and maintained by the city when he fell down an elevator shaft and was killed. Apparently the elevator had an opening which was not guarded or protected in any way, and there was a space, about thirty inches wide, between the elevator floor and the side of the shaft.

After reviewing both the facts in *Williams* and the *Reardon* Court's explanation of the Legislature's intent in enacting the public building exception, we conclude that the exception was not intended to apply to facts such as those contained in this case. Here, the physical condition of the cell itself did not actually present a danger to York as the elevator did to the plaintiff's decedent in *Williams.* Similar to the companion case to *Reardon, Schafer v Ethridge,* there is no evidence in this case that the room itself was unsafe. Therefore, we reverse the jury verdict in favor of plaintiff on her defective building claim.

We also have reviewed defendant's argument on reconsideration that we should not have granted plaintiff a new trial on her 42 USC 1983 claim

because any instructional error during trial was harmless. After reviewing the case law cited by defendant, we continue to abide by our original decision. Therefore, we remand this case for a new trial on defendant's § 1983 claim. We do not retain jurisdiction.